◼ In the Matter of MARILYN TARGIA, Respondent, v. JOSEPH TARGIA, Appellant.— Order of the Family Court, Kings County, dated May 25, 1967, which directed appellant to pay $50 a week for support of petitioner, his wife, reversed, on the law and the facts, without costs, and application denied. The separation agreement between the parties bars the relief sought by petitioner unless she demonstrates that she is receiving or is likely to become in need of public assistance or care (Family Ct. Act, § 463). That she failed to do. For the reason that the record is insufficient to make a determination with respect thereto, we do not consider the question of the validity of the Virgin Island divorce obtained by appellant. Brennan, Acting P. J., Rabin, Hopkins, Benjamin and Munder, JJ., concur.

◼ BARBARA P. JACKSON, Respondent, v. HOWARD TIMMONS et al,., Appellants.— Order of the Supreme Court, Westchester County, dated June 27, 1967, reversed, with $10 costs and disbursements, and plaintiff's motion for summary judgment denied. In our opinion, plaintiff's supporting papers are not sufficient to meet the evidentiary requirements of CPLR 3212 (subd. [b]). No affidavit by her or any eyewitness was submitted. The statements in the complaint which was verified by her are merely conclusory and do not contain facts upon which it may be held that there is no factual issue of negligence or freedom from contributory negligence (*Gale* v. *City of New York,* 18 A D 2d 12). The mere fact that defendants' vehicles were on the wrong side of the road does not constitute negligence as a matter of law (*Gale* v. *City of New York, supra,* p. 13). Beldock, P. J., Brennan, Hopkins, Munder and Martuscello, JJ., concur.