■ JOHN MARSHALL, Individually and as a Member of PAPPAS & MARSHALL, et al., Respondents, v DENNIS J. PAPPAS, Individually and as a Partner of PAPPAS & RUSSO, and Another, et al., Appellants, et al., Defendants.—In an action, inter alia, for an accounting upon the dissolution of a law partnership, the defendants Dennis J. Pappas, Richard L. Reers and Vincent J. Russo appeal from (1) an order of the Supreme Court, Nassau County (Tenenbaum, R.), dated No-

vember 6, 1987, which denied their motion for a stay of all proceedings pursuant to CPLR 2201 and for a protective order pursuant to CPLR 3103 and directed them to produce certain documents, and (2) an order of the same court dated November 25, 1987 (Brucia, J.), which denied their motion to vacate the order dated November 6, 1987.

Ordered that the orders are affirmed, with one bill of costs.

The appellants contend that the Referee appointed in this lawsuit exceeded his authority in ordering disclosure relating to income the firm received for providing nonlegal services to its clients. We disagree.

A Referee's authority is derived from the order of reference (CPLR 4311; *Lipton v Lipton,* 128 Misc 2d 528, 531, *affd* 119 AD2d 809; *see also, Feder Corp. v Bozkurtian,* 48 AD2d 701). In the instant case, the order of reference of the Supreme Court, Nassau County (Kelly, J.), authorized the Referee "to supervise all discovery proceedings in the instant action". The order further empowered him to report his findings "with respect to all accounting issues in the instant action". In light of the broad language contained in the order of reference, we find that the Referee had the authority to order the discovery sought by the plaintiffs. Accordingly, the determination of the Referee was proper.

We also reject the appellants' contention that the plaintiffs were required to obtain an interlocutory judgment establishing their right to an accounting prior to obtaining the disclosure ordered by the Referee.

We have examined the appellants' remaining contentions and find them to be without merit. Mangano, J. P., Brown, Sullivan and Harwood, JJ., concur.