■ MARJORIE McCORMACK, Respondent, v DONALD McCORMACK, as Executor of the Estate of JOHN McCORMACK, Deceased, Appellant.—In an action for a divorce and ancillary relief, the defendant executor of the estate of the husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Leviss, J.), dated September 18, 1990, as granted those branches of the plaintiff's motion which were to vacate a judgment of divorce of the

same court (LaFauci, J.H.O.), dated July 20, 1989, as well as a stipulation of settlement.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff wife commenced this action to secure a judgment of divorce and other ancillary relief, alleging that she was constructively abandoned by her husband. The parties and their counsel appeared before a Judicial Hearing Officer, at which time a stipulation of settlement was dictated into the record. Upon finding that the stipulation was voluntarily entered into, the court conducted an inquest. At the conclusion thereof, the court granted a divorce to the plaintiff.

Prior to the entry of the judgment of divorce, the husband died. By order to show cause, the plaintiff sought, *inter alia,* to vacate the judgment of divorce and set aside the stipulation of settlement. The court granted the plaintiff's motion and the executor of the husband's estate now argues that the plaintiff expressly or impliedly consented that the matter be referred to a Judicial Hearing Officer, and in any event, by her conduct and participation before the Judicial Hearing Officer, waived her right to technical compliance with CPLR 4317 (a). The executor further argues that even if the judgment of divorce was defective, there was no independent basis for setting aside the stipulation of settlement which was incorporated but not merged into the judgment of divorce.

It is well settled that an order of reference to a Referee or Judicial Hearing Officer to hear and determine is permissible only upon consent of the parties *(see,* CPLR 4317 [a]; *Haibi v Haibi,* 171 AD2d 842; *Schanback v Schanback,* 130 AD2d 322; *Sternberg v Sternberg,* 88 AD2d 950). Moreover, a Referee's authority is derived from the order of reference and a Judicial Hearing Officer who attempts to determine matters not referred to him by the order of reference acts beyond and in excess of his jurisdiction *(see,* CPLR 4311; *Marshall v Pappas,* 143 AD2d 979, 980; *Lipton v Lipton,* 128 Misc 2d 528, 531, *affd* 119 AD2d 809). Upon review of the record, we find that the parties did not stipulate to a reference in the manner prescribed by CPLR 2104 nor is there any indication that there was an order of reference designating the Judicial Hearing Officer. Under these circumstances the court properly determined that the Judicial Hearing Officer was without authority to rule that the stipulation was voluntary or to enter the judgment of divorce.

We find no merit to the executor's remaining contention. Rosenblatt, J. P., Miller, O'Brien and Ritter, JJ., concur.