■ PURANDAT CHALU et al., Respondents, v TOV-LE REALTY CORP. et al., Appellants. [632 NYS2d 806] —In an action to recover a down payment pursuant to a contract for the sale of real property, the defendants appeal (1) from an order of the Supreme Court, Kings County (Alfano, J.H.O.), dated August 16, 1993, which, after a limited-issue nonjury trial, granted the plaintiffs' motion for summary judgment, denied their cross motion for summary judgment, and dismissed their counterclaim; (2) as limited by their brief, from so much of an order of the same court (Huttner, J.), dated January 18, 1994, as denied their motion to vacate the order dated August 16, 1993; and (3) as limited by their brief, from so much of an amended order of the same court (Huttner, J.), dated April 12, 1994, as adhered to the denial of their motion to vacate the order dated August 16, 1993.

Ordered that the order dated August 16, 1993, is affirmed; and it is further,

Ordered that the appeal from the order dated January 18, 1994, is dismissed, as that order was superseded by the amended order dated April 12, 1994; and it is further,

Ordered that the amended order dated April 12, 1994, is affirmed insofar as appealed from; and it is further,

Ordered that the plaintiffs are awarded one bill of costs.

Contrary to the defendants' contention, the Supreme Court acted properly in denying their motion to vacate the August 16, 1993, order of the Judicial Hearing Officer. While "[i]t is well settled that an order of reference to a * * * Judicial Hearing Officer to hear and determine is permissible only upon consent of the parties" (*McCormack v McCormack*, 174 AD2d 612, 613; *see*, CPLR 4317 [a]; *Litman, Asche, Lupkin & Gioiella v Arashi*, 192 AD2d 403; *Haibi v Haibi*, 171 AD2d 842), the record in this case unequivocally demonstrates that the defendants actively participated in the proceedings before the Judicial Hearing Officer without objection and with full knowledge that he would adjudicate the issues referred to him. Indeed, the Judicial Hearing Officer expressly advised counsel for the defendants that he would hear and determine the referred issues, and the Supreme Court Justice to whom the case was assigned also indicated this fact in an unrelated order issued during a hiatus in the proceedings before the Judicial Hearing Officer. The defendants' counsel further stipulated to continue the proceedings before the Judicial Hearing Officer and acknowledged during closing argument his authority to determine the issues. Hence, the defendants' actions demonstrate that they voluntarily acquiesced in the submission of the matter to the Judicial Hearing Officer for hearing and determination.

Similarly unavailing is the defendants' contention that the Judicial Hearing Officer improperly altered the phrasing of one of the issues referred to him for adjudication. The minor rephrasing of the issue was entirely appropriate pursuant to the evidence in the case and the defendants did not object to it. In fact, the defendants' counsel conceded on the record that the issue had not been properly framed in the order of reference, and he repeatedly rephrased the issue to the Judicial Hearing Officer in the same manner as the defendants now complain was improper. Furthermore, while the Judicial Hearing Officer's decision and order determined matters beyond those set forth in the order of reference (*see generally, McCormack v McCormack, supra; Marshall v Pappas*, 143 AD2d

979), those matters were, in fact, litigated by the parties during the proceedings. In any event, since the Judicial Hearing Officer's resolution of the issues referred to him proved to be dispositive of the controversy, the fact that additional matters were also determined is irrelevant.

With regard to the merits, the evidence adduced at the limited-issue trial amply supports the Judicial Hearing Officer's determination that the defendant Tov-Le Realty Corp. (hereinafter Tov-Le) was unable to deliver the subject premises in vacant condition as required by the parties' contract and that the plaintiffs, therefore, were entitled to the return of their down payment. Indeed, Tov-Le repeatedly attempted to unilaterally amend the contract to require the plaintiffs to accept a commercial tenant who occupied the subject premises pursuant to a long-term lease. Moreover, while this issue was dispositive of the entire controversy between the parties, the Judicial Hearing Officer also accurately determined that, given the attendant circumstances and Tov-Le's breach of its duty to perform the contract in good faith (*see, e.g., Big Z Car Wash Corp. v Joutar Intl.*, 149 AD2d 392), the plaintiffs did not improperly delay in applying for mortgage financing.

The issue raised by the defendants regarding the timeliness of the notice given by the plaintiffs pursuant to the mortgage contingency clause is beyond the scope of matters referred to the Judicial Hearing Officer and, in any event, without merit. The contract limited the number of days which the plaintiffs had to obtain a mortgage commitment, but it did not similarly set forth a specific time limit within which the plaintiffs were to provide Tov-Le with notice thereof. Hence, the plaintiffs had a reasonable time in which to do so (*see generally, Blumberg v Florence*, 143 AD2d 380; *Tendler v Lazar*, 141 AD2d 717). Finally, the mortgage contingency clause also provided that the contract would *automatically* terminate and the down payment would be returned in the event the plaintiffs were unable to secure a mortgage commitment within the time allotted. Sullivan, J. P., O'Brien, Copertino and Krausman, JJ., concur.