■ LOUANN FERNALD, Appellant, v ROBERT K. VINCI, Respondent. [754 NYS2d 668] —In a matrimonial action in which the parties were divorced by judgment dated October 25, 2000, the plaintiff appeals from (1) an order of the Supreme Court, Westchester County (Scancarelli, J.H.O.), dated November 8, 2001, which, inter alia, denied her application for a downward modification of her child support obligation and awarded the

defendant an attorney's fee in the sum of $3,000, and (2) an order of the same court, also dated November 8, 2001, which denied her application to hold the defendant and his attorney in contempt and awarded the attorney for the defendant the sum of $3,900, in effect, as a sanction.

Ordered that the orders are reversed, on the law, with one bill of costs, the matter is remitted to Supreme Court, Westchester County, to transfer the matter to the Family Court, Putnam County, to determine the plaintiff's application for a downward modification of her child support obligation, and the Clerk of the Supreme Court, Westchester County, is directed to deliver the file in the matter to the Clerk of the Family Court, Putnam County.

A Judicial Hearing Officer (hereinafter JHO) derives authority from an order of reference by the court (*see* CPLR 4311), and an order of reference is made only upon the consent of the parties except in limited circumstances not applicable here (*see* CPLR 4317; *McCormack v McCormack,* 174 AD2d 612, 613). The consent of the parties is "[an] essential jurisdictional predicate" (*Litman, Asche, Lupkin & Gioiella v Arashi,* 192 AD2d 403), and a JHO "has no power beyond that limited in the order of reference" (*Feder Corp. v Bozkurtian,* 48 AD2d 701). "Leave of court, and designation by it of the referee is required for references in matrimonial actions" (CPLR 4317 [a]). There was no order of the Supreme Court referring the issues to a JHO for determination in this case. Moreover, neither the judgment of divorce dated October 25, 2000, which provided that the Supreme Court retained jurisdiction over future matters concurrently with the Family Court, nor an order of the Supreme Court, Westchester County, dated November 4, 1999, contained a stipulation of the parties consenting to the reference of future matters to a JHO. In the absence of an order of reference from the Supreme Court and the consent of the parties, the JHO had no authority to consider the defendant's motion seeking removal of the Family Court proceeding, enforcement of provisions for payment of child support, or counsel fees. The JHO's removal of the plaintiff's application for a downward modification of her child support obligation from the Family Court, Putnam County, to the Supreme Court, Westchester County, was without authority (*see* CPLR 4301; *McCormack v McCormack,* 174 AD2d 612; *Haibi v Haibi,* 171 AD2d 842; *Schanback v Schanback,* 130 AD2d 332; *Sternberg v Sternberg,* 88 AD2d 950). Moreover, an application to punish the plaintiff for contempt regarding out-of-court conduct cannot be heard by a JHO in any case (*see* CPLR 4301).

There is no merit to the defendant's argument that the plaintiff acquiesced in the JHO's assertion of authority over these matters. The plaintiff filed a petition for modification of her child support obligation in the Family Court, Putnam County. The plaintiff opposed the defendant's motion for removal of the Family Court proceeding on the basis that the Supreme Court JHO did not have jurisdiction over the matter. Although the plaintiff's argument was rejected and she was required to proceed before the JHO, there is nothing in the record to suggest that the plaintiff acquiesced in the exercise of jurisdiction by the JHO. Since there was no consent to the submission of any of the issues in this case to a JHO, the orders of the JHO must be reversed. Altman, J.P., Smith, McGinity and Townes, JJ., concur.