■ LOUANN FERNALD, Appellant, v ROBERT K. VINCI, Respondent. [756 NYS2d 462] —In a matrimonial action in which the parties were divorced by judgment dated October 25, 2000, the plaintiff mother appeals from an order of the Supreme Court, Westchester County (Scancarelli, J.H.O.), dated April 5, 2002, which, without a hearing, inter alia, granted the father's motion for custody of the parties' three children and denied her cross motion for the same relief.

Ordered that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Westchester County, for assignment before a justice to hear and determine the motion and cross motion.

A judicial hearing officer (hereinafter J.H.O.) derives authority from an order of reference by the court (*see* CPLR 4311), and an order of reference is made only upon the consent of the parties except in limited circumstances not applicable here (*see* CPLR 4317; *McCormack v McCormack,* 174 AD2d 612, 613 [1991]). The consent of the parties is an "essential jurisdictional predicate" (*Litman, Asche, Lupkin & Gioiella v Arashi,* 192 AD2d 403 [1993]). "Leave of court and designation by it of the referee is required for references in matrimonial actions" (CPLR 4317 [a]). There was no order of the Supreme Court referring the issues to a J.H.O. for determination in this case. Moreover, the judgment of divorce did not contain a stipulation of the parties consenting to the reference of future matters to a J.H.O. In the absence of an order of reference from the Supreme Court and the consent of the parties, the J.H.O. had

no authority to consider the parties' motions with respect to custody. Since there was no consent to the submission of any of the issues in this case to a J.H.O., the order of the J.H.O. must be reversed (*see Fernald v Vinci*, 302 AD2d 354 [2003]). Smith, J.P., McGinity, Townes and Cozier, JJ., concur.