In the Matter of KEVEN PLUMMER, Appellant, v DANA PLUMMER, Respondent. [808 NYS2d 414]—

In a proceeding pursuant to Family Court Act article 6, inter alia, to enforce an order of visitation of the Family Court, Nassau County (Lawrence, J.), dated May 11, 1998, the father appeals from an order of the same court (Robbins, J.), dated January 11, 2005, which denied the petition and dismissed the proceeding.

Ordered that the order is reversed, on the law, without costs or disbursements, the petition is reinstated, and the matter is remitted to the Family Court, Nassau County, for a determination, in the exercise of its discretion, of whether the father should be granted written permission of the court to file a visitation petition.

By order dated July 27, 2004, Nassau County Family Court Judge Richard S. Lawrence prohibited the father from filing, inter alia, any further custody or visitation petitions without obtaining prior written permission of the court (*see Matter of Shreve v Shreve*, 229 AD2d 1005 [1996]; *see also Matter of Pignataro v Davis*, 8 AD3d 487, 489 [2004]; *Cangro v Cangro*, 288 AD2d 417 [2001]). On November 22, 2004, the father filed a petition with the Clerk of the Family Court, seeking written permission to file a new visitation petition and, in effect, annexed a proposed petition which sought to hold the mother in violation of a prior visitation order. The Clerk of the Family Court assigned the petition to a different judge, who ultimately heard the petition and dismissed it, with prejudice, on the ground that the father failed to obtain written permission from Judge Lawrence prior to filing the petition. We reverse and reinstate the petition.

The order dated July 27, 2004, did not, by its terms, direct the father to seek prior written permission in any particular fashion, and did not direct the father to submit papers seeking such permission directly to Judge Lawrence (*cf.* 22 NYCRR 205.8). The father thus properly sought prior written leave by means of a petition filed with the Clerk of the Family Court (*see* 22 NYCRR 205.8, 205.9), and properly, in effect, annexed a proposed visitation petition (*cf. Haller v Lopane*, 305 AD2d 370, 372 [2003]; *Perre v Town of Poughkeepsie*, 300 AD2d 379 [2002]; *Branch v Abraham & Strauss Dept. Store*, 220 AD2d 474, 475 [1995]). Consequently, the Family Court erred in dismissing the petition without first determining whether prior written permission should have been granted.

Thus we remit the matter to the Family Court, Nassau County, for a determination, in the exercise of its discretion, of whether written permission should be granted to the father. Schmidt, J.P., Mastro, Spolzino and Covello, JJ., concur.