(April 4, 2006)

■ KATHARINE ALLISON, Appellant, v WILLIAM B. ALLISON, Respondent. [813 NYS2d 161]—

In an action for a divorce and ancillary relief, the plaintiff mother appeals from a judgment of the Supreme Court, Westchester County (Montagnino, R.), dated January 28, 2004, which, inter alia, determined that no child support arrears were owed to the plaintiff by the defendant.

Ordered that the judgment is affirmed, with costs.

The plaintiff asserts that the court did not have jurisdiction to grant the subject divorce because the parties impermissibly nominated a Judicial Hearing Officer (hereinafter JHO), and the order referring the matter to a Special Referee was not signed by a judge.

A JHO derives authority from an order of reference by the court (see CPLR 4311), which can be made only upon the consent of the parties, except in limited circumstances not applicable here (see CPLR 4317; Fernald v Vinci, 302 AD2d 354, 355 [2003]; McCormack v McCormack, 174 AD2d 612, 613 [1991]; Litman, Asche, Lupkin & Gioiella v Arashi, 192 AD2d 403 [1993]). "Leave of court and designation by it of the referee is required for references in matrimonial actions" (CPLR 4317 [a]; Fernald v Vinci, supra at 355-356).

In this case, the court specifically inquired whether the parties consented to the referral of this matter to a JHO to hear and determine all issues, the parties entered into a stipulation so consenting, and the court entered an order referring the matter to JHO Scancarelli. Contrary to the plaintiff's contention, there is no evidence in the record indicting that the parties impermissibly nominated JHO Scancarelli in violation of CPLR 4312 (2) (see Petruzzo v Petruzzo, 17 Misc 2d 1030, 1033-1034 [1959]; see also Fernald v Vinci, supra at 355-356).

Similarly, after the unfortunate death of JHO Scancarelli in the middle of the trial, the parties indisputably consented to the subsequent referral of the case to Special Referee Montagnino.

The stipulation so consenting was signed by counsel, the referral order and stipulation were filed with the court, and the case proceeded to trial. The failure of a judge to sign the referral order appears to have been an inadvertent mistake or omission which should have been corrected nunc pro tunc pursuant to CPLR 2001 (*see Levinson v Levinson,* 97 AD2d 458, 459 [1983]). Accordingly, there is no basis upon which to disturb the judgment entered by Special Referee Montagnino.

Furthermore, contrary to the plaintiff's contention, the Special Referee did not decline to award retroactive child support. Rather, after making clear that it took into account those portions of the payments made by the defendant for the carrying costs on the marital residence that could reasonably be attributed to child support (*see Chasin v Chasin,* 182 AD2d 862 [1992]; *Sicurelli v Sicurelli,* 285 AD2d 541, 542 [2001]), he determined that no arrears were due (*see Stern v Stern,* 273 AD2d 298, 299 [2000]; *Crane v Crane,* 264 AD2d 749, 752 [1999]). Florio, J.P., Miller, Goldstein and Lunn, JJ., concur.