■ G. RAMA CONSTRUCTION ENTERPRISES, INC., Appellant, v 80-82 GUERNSEY STREET ASSOCIATES, LLC, et al., Respondents, et al., Defendants. [841 NYS2d 669]—

In an action, inter alia, to recover damages for breach of contract and to foreclose a mechanic's lien, the plaintiff appeals from an order of the Supreme Court, Kings County (Balter, J.), dated August 11, 2006, which denied its motion for partial summary judgment seeking payment of a bond securing its mechan-

ic's lien and granted the cross motion of the defendants 80-82 Guernsey Street Associates, LLC, Nova Casualty Company, and Eric Mann for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

The plaintiff brought this action, inter alia, to foreclose a mechanic's lien dated November 17, 2003, in which it claimed the amount of $473,000 allegedly due and owing for "extra" work performed on the construction of a condominium building on property owned by the defendant 80-82 Guernsey Street Associates, LLC (hereinafter GSA). In its complaint, the plaintiff alleges that in October 2002 it entered into "a series of oral agreements" with GSA and its vice-president, the defendant Eric Mann, to furnish and supply labor, equipment, and materials for excavation, foundation, and construction work on the project, and that GSA and Mann failed to make the agreed-upon payments. The plaintiff alleged that in an underlying third-party action, a judicial hearing officer (hereinafter JHO) had upheld the validity of its lien in the amount of $469,000, and the plaintiff now sought payment of that amount from a bond secured by GSA from the defendant Nova Casualty Company (hereinafter Nova).

In answer to the complaint, the defendants GSA, Mann, and Nova (hereinafter the defendants) denied that they owed any payments to the plaintiff or that they ever authorized or approved of any extra work. They also averred that the project was governed by a written construction contract entered into by the plaintiff and Mann on October 11, 2002, pursuant to which all claims for extra work and change orders needed to be memorialized in writing. The defendants also denied that the JHO established the validity of the plaintiff's lien. Rather, they claimed that the JHO's decision merely denied their underlying motion to void the lien for willful exaggeration under section 39 of the Lien Law and denied the plaintiff's underlying cross motion to increase the lien, adjusting it, instead, to $469,000. According to the defendants, the lien was "solely a security interest to permit payment of any judgment that the plaintiff may obtain in this action or in the related action." The defendants also asserted a counterclaim alleging breach of contract and seeking damages in excess of $1.5 million.

The plaintiff moved for partial summary judgment seeking to foreclose on its lien in the amount of $469,000 on the basis that the JHO judicially established the validity and amount of the lien, entitling it to res judicata effect against the surety. The defendants opposed the motion and cross-moved for summary

judgment on the ground that the plaintiff's claim was barred by the parties' written contract, which precluded any claims for oral extras and change orders not documented in writing.

The Supreme Court properly denied the plaintiff's motion. Contrary to the plaintiff's contention, the court properly found that the validity and amount of the lien was not judicially established by the ruling of the JHO. A JHO derives his or her authority from an order of reference by the court (*see* CPLR 4311; *Fernald v Vinci,* 302 AD2d 354, 355 [2003]). Here, the order of reference limited the scope of the JHO's authority to a determination of the parties' respective motions in the underlying third-party action. Accordingly, the JHO's determination that the plaintiff's lien was not willfully exaggerated under Lien Law § 39 and that the plaintiff was not entitled to amend its lien upward nunc pro tunc did not judicially establish the lien for purposes of securing payment on the bond secured by Nova.

"A valid mechanic's lien must be judicially established before a surety may be made to pay pursuant to its bond" (*Royal Ins. Co. of Am. v Citizens Devs. of Oneonta,* 200 AD2d 804, 806 [1994]; *see J. Castronovo, Inc. v Hillside Dev. Corp.,* 160 AD2d 763, 765 [1990]; *Martirano Constr. Corp. v Briar Contr. Corp.,* 104 AD2d 1028, 1031 [1984]). Here, since the lien had yet to be judicially established, Nova was not bound to pay.

Additionally, the court properly determined that the defendants were not collaterally estopped from challenging the validity of the lien. "The doctrine of collateral estoppel, a narrower species of res judicata, precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same" (*Ryan v New York Tel. Co.,* 62 NY2d 494, 500 [1984]). The party seeking the benefit of collateral estoppel must prove that the identical issue was necessarily decided in the prior action and is decisive in the present action, and the party attempting to defeat its application has the burden of establishing the absence of a full and fair opportunity to contest the prior determination (*see D'Arata v New York Cent. Mut. Fire Ins. Co.,* 76 NY2d 659, 664 [1990]; *Kaufman v Eli Lilly & Co.,* 65 NY2d 449, 456 [1985]). Contrary to the plaintiff's contention, the hearing before the JHO was limited in scope and did not actually determine the merits of the defendants' defenses. Accordingly, the trial court properly concluded that the defendants were not precluded from raising their defenses to the plaintiff's lien in the instant action.

The Supreme Court also properly granted the defendants'

cross motion for summary judgment. The defendants demonstrated their prima facie entitlement to judgment as a matter of law (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *see also Martin Iron & Constr. Corp. v Howell Co.*, 242 AD2d 608, 609 [1997]). In support of their cross motion, the defendants submitted the parties' written contract, which expressly precluded oral extras or change orders not documented in writing, as well as an affidavit by Mann, in which he stated that the plaintiff's claims for alleged extras and change orders were never approved or authorized. In opposition, the plaintiff failed to raise a triable issue of fact sufficient to defeat summary judgment (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Martin Iron & Constr. Corp. v Howell Co., supra*).

The plaintiff's remaining contentions either are improperly raised for the first time in its reply brief on appeal, or are without merit (*see Cappiello v Johnson*, 21 AD3d 921 [2005]). Miller, J.P., Goldstein, Fisher and Covello, JJ., concur.