■ Marilou S. Martin et al., Respondents, v Maria Carmelita M. Castaneda, Appellant. [899 NYS2d 673]—

In an action, inter alia, to partition real property, the defendant appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Schulman, J.), entered July 2, 2009, as granted that branch of the plaintiffs' motion which was to confirm that portion of a referee's report (Rosen, Ref.), dated February 13, 2009, as, after a hearing, recommended that the property be sold to effect partition.

Ordered that the order is affirmed insofar as appealed from, with costs.

After a hearing, in an unsigned report dated February 13, 2009, a referee made certain findings of facts and conclusions of law. By notice of motion dated March 20, 2009, the plaintiffs moved, inter alia, to confirm that portion of the referee's report which recommended that the property be sold to effect partition. In support of their motion, the plaintiffs submitted, among other things, a copy of the referee's report and a transcript of the hearing, both of which contained the referee's recommendations. In opposition, the defendant contended that the subject branch of the motion should be denied because the report was unsigned and unfiled. By order entered July 2, 2009, the Supreme Court granted the subject branch of the plaintiffs' motion. The defendant contends that the report was defective as it was unfiled (*see* CPLR 4320 [b]; 22 NYCRR 202.44), and unsigned. We affirm the order insofar as appealed from.

Although the referee did not sign his report, it was filed on July 2, 2009, and, under the circumstances, any alleged defects were mere irregularities and not fatal, as no substantial right of the defendant has been or will be prejudiced (*see* CPLR 2001, 2101 [f]; *cf. Allison v Allison*, 28 AD3d 406, 407 [2006], *cert denied* 549 US 1307 [2007]; *Matter of Lipsky v Koplen*, 282 AD2d 462, 463 [2001]; *John Hancock Mut. Life Ins. Co. v 491-499*

*Seventh Ave. Assoc.*, 169 Misc 2d 493, 498-499 [1996]). Miller, J.P., Leventhal, Chambers and Lott, JJ., concur.