■ In the Matter of SYLVIA AGINA, Respondent, v ALAA AGINA, Appellant. (Proceeding No. 1.) In the Matter of ALAA AGINA, Appellant, v SYLVIA AGINA, Respondent. (Proceeding No. 2.) [911 NYS2d 108]—

In related custody and visitation proceedings pursuant to Family Court Act article 6, the father appeals from (1) an order of the Family Court, Queens County (McGrady, Ct. Atty. Ref.), dated March 20, 2009, which, after a hearing, granted the mother's petition in proceeding No. 1 to modify the custody provision of the parties' judgment of divorce so as to award her sole legal custody of the parties' child, and (2) an order of the same court, also dated March 20, 2009, which denied his petition in proceeding No. 2 seeking visitation, and dismissed proceeding No. 2.

Ordered that the orders are reversed, on the law, without costs or disbursements, the father's petition for visitation in proceeding No. 2 is reinstated, and the matters are remitted to the Family Court, Queens County, for assignment to a judge to determine the petitions upon the instant hearing record, to be provided to the judge by the Court Attorney Referee who issued the orders.

We agree with the father's contention that, because he did not consent to submit the proceedings to a referee, the court attorney referee who issued the orders appealed from lacked authority to determine the proceedings (*see* *Matter of Walker v Bowman*, 70 AD3d 1323 [2010]; *Matter of Ryon J.G. v Carlton D.S.*, 23 AD3d 1042 [2005]; *Fernald v Vinci*, 303 AD2d 547 [2003]). Accordingly, we reverse the orders and remit the matters to the Family Court, Queens County, for further proceedings on the petitions before a Judge of that court.

In light of our determination, we need not reach the father's remaining contentions. Mastro, J.P., Dickerson, Eng and Lott, JJ., concur.