■ In the Matter of E. PAUL STEWART, Appellant, v JOY MOSLEY, Respondent. [925 NYS2d 594]—

In related child custody proceedings pursuant to Family Court Act article 6, the father appeals, by permission, from an order of the Family Court, Kings County (Feldman, J.H.O.), dated July 27, 2010, which awarded temporary custody of the subject child and decision-making authority on educational issues for the 2010-2011 school year to the mother, and limited his visitation with the child to three weekends and one Tuesday evening per month.

Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Kings County, for a new determination, forthwith, regarding the temporary custody of the subject child; and it is further,

Ordered that pending a new determination of temporary custody, the child shall remain with the mother, and the visitation rights of the father set forth in the order appealed from shall remain in effect.

In August 2007, the father and mother both filed petitions seeking custody of their daughter, who is now seven years old. By order of reference dated October 3, 2008, the Family Court referred the matter to a Judicial Hearing Officer (hereinafter JHO) to hear and report on the parties' respective custody petitions. While the parties were still in the midst of the custody hearing, the Attorney for the Child moved to award temporary custody of the child and decision-making authority on educational issues to the mother. By order dated July 27, 2010, the JHO granted the motion and issued an order awarding tempo-

rary custody of the child and decision-making authority on educational issues for the 2010-2011 school year to the mother, and limiting the father's visitation with the child to three weekends and one Tuesday evening per month.

On appeal, the father contends that the JHO was not authorized to issue the order dated July 27, 2010, inter alia, awarding temporary custody of the child to the mother. We agree. The order of reference referred the matter to the JHO to hear and report only, and the father never consented to have the JHO determine matters related to custody of the child. Absent such consent, the JHO lacked jurisdiction to issue the order dated July 27, 2010 (see CPLR 4317 [a]; Matter of Walker v Bowman, 70 AD3d 1323, 1324 [2010]; Matter of Wilder v Wilder, 55 AD3d 1341 [2008]; Matter of David S.S. v Mia B.M., 48 AD3d 1246 [2008]). Accordingly, we reverse the order dated July 27, 2010, and remit the matter to the Family Court, Kings County, for a determination, forthwith, regarding the temporary custody of the subject child.

In view of the fact that the child has been in the temporary custody of the mother for approximately 10 months, and has nearly completed the 2010-2011 school year, we find that it is in her best interests to remain in the mother's custody pending a new temporary custody determination. Until a new determination of temporary custody is made, the visitation rights of the father set forth in the order appealed from also shall remain in effect. Rivera, J.P., Florio, Dickerson and Eng, JJ., concur.