■ In the Matter of Scott S. Gale, Appellant, v Sibyl L. Gale, Respondent. (Proceeding No. 1.) In the Matter of Sibyl L. Gale, Respondent, v Scott S. Gale, Appellant. (Proceeding No. 2.) [929 NYS2d 495]—

A referee derives authority from an order of reference by the court (*see* CPLR 4311), which can be made only upon the consent of the parties, except in limited circumstances not applicable here (*see* CPLR 4317; *Matter of Stewart v Mosley*, 85 AD3d 931 [2011]; *Allison v Allison*, 28 AD3d 406, 406 [2006], *cert denied* 549 US 1307 [2007]; *Fernald v Vinci*, 302 AD2d 354, 355 [2003]; *McCormack v McCormack*, 174 AD2d 612 [1991]). Upon review of the record, we find that the parties did not stipulate to a reference in the manner prescribed by CPLR 2104. In any event, there is no indication that there was an order of reference designating the referee who heard and determined the petitions at issue here (*see McCormack v McCormack*, 174 AD2d 612 [1991]; *cf. Allison v Allison*, 28 AD3d at 406-407).

Contrary to the mother's contention, the father did not implicitly consent to the reference merely by participating in the proceeding without expressing his desire to have the matter tried before a judge (*see McCormack v McCormack*, 174 AD2d at 613). To the extent that certain dicta in *Chalu v Tov-Le Realty Corp.* (220 AD2d 552, 553 [1995]) may suggest a different conclusion, it is not to be followed.

Furthermore, a stipulation consenting to a reference to a specified referee, executed by the parties in connection with the father's previous petition to modify the visitation schedule, expired upon completion of that matter and did not remain in effect for this matter.

Accordingly, the referee had no jurisdiction to consider the father's petitions related to custody and visitation and the mother's petition to modify custody, and the referee's order determining those petitions must be reversed (*see Matter of Stewart v Mosley*, 85 AD3d 931 [2011]; *Fernald v Vinci*, 302 AD2d at 355; *McCormack v McCormack*, 174 AD2d 612 [1991]). Prudenti, P.J., Angiolillo, Florio and Cohen, JJ., concur.