MATTHEW B. GERSHON et al., Respondents, v ROBERT CUNNINGHAM et al., Appellants. [931 NYS2d 384]—

The Supreme Court purportedly referred certain material issues to a Judicial Hearing Officer (hereinafter JHO). A JHO derives authority through an order of reference from the court

(*see* CPLR 4311), and an order of reference is made only upon the consent of the parties, except in limited circumstances not applicable here (*see* CPLR 4317; *G. Rama Constr. Enters., Inc. v 80-82 Guernsey St. Assoc., LLC*, 43 AD3d 863, 865 [2007]; *Allison v Allison*, 28 AD3d 406 [2006]; *Fernald v Vinci*, 302 AD2d 354 [2003]). Here, the record does not contain an order of reference, and the record is devoid of any evidence that the parties consented to have a JHO determine any issues in the absence of that " 'essential jurisdictional predicate' " (*Fernald v Vinci*, 302 AD2d at 355, quoting *Litman, Asche, Lupkin & Gioiella v Arashi*, 192 AD2d 403, 403 [1993]). The Supreme Court erred in predicating its order dated December 17, 2009—which permanently enjoined the defendants from undertaking further construction and directed them to remove the concrete structure erected on their property—upon any determination of the JHO. Accordingly, the Supreme Court should have granted the defendants' cross motion, in effect, pursuant to CPLR 5015 (a) (4) to vacate the JHO's determination and the order dated December 17, 2009.

In support of their motion for summary judgment on the eighth and ninth causes of action, both of which include a request for a permanent injunction, the plaintiffs failed to submit an affidavit reciting the material facts from "a person having knowledge of the facts" (CPLR 3212 [b]). Accordingly, the plaintiffs failed to establish their prima facie entitlement to judgment as a matter of law on those causes of action (*see Zellner v Tarnell*, 54 AD3d 329, 329-330 [2008]; *Albert G. Ruben & Co. v Fritzen*, 101 AD2d 795, 795-796 [1984]; *Harding v Buchele*, 59 AD2d 754, 754-755 [1977]; *Jackson v Timmons*, 29 AD2d 664 [1968]). Accordingly, the Supreme Court should have denied the plaintiffs' motion for summary judgment on the eighth and ninth causes of action regardless of the sufficiency of the defendants' opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Hluch v Ski Windham Operating Corp.*, 85 AD3d 861, 863-864 [2011]).

The defendants' remaining contentions are without merit, or have been rendered academic. Skelos, J.P., Balkin, Leventhal and Hall, JJ., concur.