In the Matter of CHARLES MARTINBOROUGH, Appellant, v CAROLYNEA MARTINBOROUGH, Respondent. [949 NYS2d 462]—

In a visitation proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Richmond County (Oakes, Ct. Atty. Ref.), dated July 28, 2011, which denied his motion to vacate an order of the same court dated November 15, 2010, made upon his default in appearing, granting the mother's petition to suspend his visitation with the subject child.

Ordered that the order dated July 28, 2011, is reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Richmond County, for a new determi-

nation of the father's motion to vacate the order dated November 15, 2010.

Insofar as relevant to this appeal, in 2009, the father filed a petition alleging that the mother was violating a prior order of visitation by interfering with his visitation rights. The mother, in response, filed a petition to suspend the father's visitation rights indefinitely. In an order dated November 15, 2010, the Court Attorney Referee (hereinafter the Referee), granted the mother's petition to suspend the father's visitation upon the father's default in appearing.

Subsequently, the father moved to vacate the order dated November 15, 2010, entered upon his default. By order of reference dated May 19, 2011, the Family Court (Sacco, J.), on its own initiative pursuant to CPLR 4212 and 4313, referred the matter to the Referee to hear and report. In an order dated July 28, 2011, the Referee denied the father's motion. The father appeals, and we reverse.

A referee derives his or her authority from an order of reference by the court (*see* CPLR 4317; *Matter of Gale v Gale*, 87 AD3d 1011, 1012 [2011]). Here, the order of reference referred the matter to the Referee to hear and report only, not to hear and determine. Thus, the Referee lacked jurisdiction to issue the order dated July 28, 2011 (*see Matter of Gale v Gale*, 87 AD3d at 1012; *Matter of Stewart v Mosley*, 85 AD3d 931 [2011]). Accordingly, the order dated July 28, 2011, must be reversed and the matter must be remitted to the Family Court, Richmond County, for a new determination of the father's motion.

Contrary to the mother's contention, an October 1998 stipulation between the parties, executed in connection with the mother's prior petition for custody and which designated a different Referee, does not compel a contrary conclusion (*see Matter of Gale v Gale*, 87 AD3d at 1012).

In light of our determination, we need not reach the father's remaining contentions. Mastro, A.P.J., Skelos, Florio and Hall, JJ., concur.