In related child custody proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Queens County (Negron, Ct. Atty. Ref.), dated June 25, 2012, which, upon a decision of the same court dated June 22, 2012, made after a hearing, in effect, denied her petition for sole legal and residential custody of the parties’ child and granted the father’s cross petition for sole legal and residential custody of the child.
Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Queens County, for further proceedings consistent herewith; and it is further,
Ordered that the time for the parties to submit motions pursuant to CFLR 4403, if they be so advised, is extended until 15 days from service of copies of this decision and order with notice of entry.
A referee derives authority from an order of reference by the court (see CFLR 4311), which can be made only upon the consent of the parties, except in limited circumstances not applicable here (see CFLR 4317; Matter of Stewart v Mosley, 85 AD3d 931, 932 [2011]; Allison v Allison, 28 AD3d 406, 406 *720 [2006], cert denied 549 US 1307 [2007]; Fernald v Vinci, 302 AD2d 354, 355 [2003]; McCormack v McCormack, 174 AD2d 612, 613 [1991]). Here, the administrative order of reference recited that, upon the parties’ consent, it authorized a court attorney referee to hear and determine the parties’ rights to custody of and visitation with the parties’ child (see CPLR 4317 [a] ). Upon our review of the record, however, we find that the mother did not stipulate to the reference in the manner prescribed by CPLR 2104. Absent the parties’ consent to the reference, the Court Attorney Referee had the power only to hear and report her findings (see CPLR 4317 [a]; see also Matter of Stewart v Mosley, 85 AD3d at 932). Therefore, the administrative order of reference must be deemed to be an order to hear and report.
Contrary to the contention of the attorney for the child, the mother did not consent to the reference merely by participating in the proceeding without expressing her desire to have the matter tried before a judge (see Matter of Gale v Gale, 87 AD3d 1011, 1012 [2011]; McCormack v McCormack, 174 AD2d at 613).
Accordingly, the Court Attorney Referee had no jurisdiction to determine, but only to hear and report, with respect to the parties’ respective petition and cross petition regarding custody and visitation (see Matter of Gale v Gale, 87 AD3d at 1012; Fernald v Vinci, 302 AD2d at 355; McCormack v McCormack, 174 AD2d at 613). Thus, the Court Attorney Referee’s decision dated June 22, 2012, must be deemed a report (see CPLR 4320 [b] ), and the matter must be remitted for further proceedings pursuant to CPLR 4403 before a judge of the Family Court.
In light of our determination, we need not address the mother’s remaining contentions. Rivera, J.P., Balkin, Leventhal and Cohen, JJ., concur.