In a family offense proceeding pursuant to Family Court Act article 8, the petitioner appeals from an order of the Family Court, Richmond County (Aschkenasy, Ct. Atty. Ref.), dated June 10, 2013, which, upon a decision of the same court also dated June 10, 2013, made after a hearing, in effect, denied the petition and dismissed the proceeding.
Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Richmond County, for further proceedings consistent herewith; and it is further,
Ordered that the time for the parties to submit motions pursuant to CPLR 4403, if they be so advised, is extended until 15 days from service of copies of this decision and order.
The petitioner commenced this proceeding against the respondent, his ex-wife, alleging that she committed certain family offenses against him. By administrative order of reference dated January 24, 2013, the Family Court (Sacco, J.), on its own initiative pursuant to CPLR 4212 and 4313, inter alla, referred the matter to a Court Attorney Referee to hear and report. In the order appealed from, the Court Attorney Referee, in effect, denied the petition and dismissed the proceeding.
A referee derives authority from an order of reference by the court (see CPLR 4317; Matter of McClarin v Valera, 108 AD3d 719 [2013]; Matter of Martinborough v Martinborough, 98 AD3d 511, 512 [2012]). The order of reference, as pertinent here, referred the matter to the Court Attorney Referee to hear and *953 report only, not to hear and determine. Accordingly, the Court Attorney Referee lacked jurisdiction to issue the order dated June 10, 2013 (see Matter of McClarin v Valera, 108 AD3d at 720; Matter of Martinborough v Martinborough, 98 AD3d at 512). Thus, the Court Attorney Referee’s decision dated June 10, 2013, must be deemed a report (see CPLR 4320 [b]), and the matter must be remitted for further proceedings pursuant to CPLR 4403 before a Judge of the Family Court.
In light of our determination, we need not address the petitioner’s remaining contentions. Rivera, J.P, Leventhal, Hinds-Radix and Maltese, JJ., concur.