In the Matter of GABRIEL RIVERA, Respondent, v VERONICA AROCHO, Appellant. [992 NYS2d 559]—

In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Queens County (Seiden, Ct. Atty. Ref.), dated August 15, 2012, which, after a hearing, awarded the father sole custody of the parties' child and failed to award her visitation.

Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Queens County, for further proceedings consistent herewith.

A referee derives authority from an order of reference by the court (*see* CPLR 4311), which can be made only upon consent of the parties, except in limited circumstances not applicable here (*see* CPLR 4317; *Matter of McClarin v Valera*, 108 AD3d 719 [2013]; *Matter of Stewart v Mosley*, 85 AD3d 931, 932 [2011]). Here, the administrative order of reference recited that, upon the parties' consent, it authorized a court attorney referee to hear and determine the parties' rights to custody of and visitation with the parties' child (*see* CPLR 4317 [a]). Upon our review of the record, however, we find that the mother did not stipulate to the reference in the manner prescribed by CPLR 2104. Absent the parties' consent to the reference, the Court Attorney Referee had the power only to hear and report her findings (*see* CPLR 4317 [a]; *see also Matter of McClarin v Valera*, 108 AD3d at 720; *Matter of Stewart v Mosley*, 85 AD3d at 932). Thus, the Court Attorney Referee lacked jurisdiction to issue the order dated August 15, 2012 (*see Matter of Aslan v Senturk*, 116 AD3d 952 [2014]; *Matter of Martinborough v Martinborough*, 98 AD3d 511 [2012]; *Matter of Gale v Gale*, 87 AD3d 1011 [2011]). Accordingly, the order dated August 15, 2012, must be reversed and the matter must be remitted to the Family Court, Queens County, for further proceedings, including, but not limited to, the filing of a written report by the Court Attorney Referee setting forth the findings of fact and conclusions of law upon which her recommendation is based (*see* CPLR 4320 [b]; *see also Matter of Aslan v Senturk*, 116 AD3d 952 [2014]; *Matter of McClarin v Valera*, 108 AD3d at 720).

In light of our determination, we need not reach the mother's remaining contentions. Skelos, J.P., Dickerson, Austin and Duffy, JJ., concur.