(March 25, 2015)

■ MARK ALBERT, Appellant, v ALLISON ALBERT, Respondent. [6 NYS3d 144]—

In a matrimonial action in which the parties were divorced by judgment dated August 22, 2006, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (J. Murphy, J.), entered August 9, 2012, as denied those branches of his motion which were (a), in effect, to vacate an order to show cause (Schellace, Ct. Atty. Ref.) pursuant to which the defendant, in effect, sought leave to submit a motion to modify the parties' custody agreement and to stay the enforcement of an order entered in a related custody proceeding pending in the Family Court, and which included a temporary restraining order staying that custody proceeding, and (b) to hold the defendant in contempt for obtaining and filing the order to show cause.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the plaintiff's motion which was, in effect, to vacate the order to show cause, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

"A referee derives authority from an order of reference by the court (*see* CPLR 4311), which can be made only upon the consent of the parties, except in limited circumstances," which are not applicable here (*Matter of McClarin v Valera*, 108 AD3d 719, 719 [2013]; *see* CPLR 4317; *Matter of Stewart v Mosley*, 85 AD3d 931, 932 [2011]). Here, the parties did not consent to the determination of any issues by a referee, and the order of reference directed the referee to hear and report (*see* CPLR 4317 [a]). Absent the parties' consent, the referee had the power only to hear and report his findings (*see* CPLR 4317 [a]; *see also Matter of McClarin v Valera*, 108 AD3d at 720; *Matter of Stewart v Mosley*, 85 AD3d at 932). Thus, the referee exceeded his authority in signing an order to show cause pursuant to which the defendant, in effect, sought leave to submit a motion to modify a prior order of custody and to stay the enforcement of an order entered in a related custody proceeding commenced in the Family Court, pending her appeal of that order. The referee further exceeded his authority in temporarily restraining the enforcement of the Family Court's order and all proceedings in the Family Court pending the determination of that branch of the defendant's motion which was for a stay (*see Matter of Martinborough v Martinborough*, 98 AD3d 511, 512 [2012]; *Matter of Gale v Gale*, 87 AD3d 1011, 1012 [2011]). Accordingly, the Supreme Court should have granted that branch of the plaintiff's motion which was, in effect, to vacate the order to show cause.

The Supreme Court, however, properly denied that branch of the plaintiff's motion which was to hold the defendant in civil contempt for violating an order of that court dated May 12, 2010, which required the defendant to obtain prior written approval from that court before she made any further motions. The defendant's conduct in obtaining and filing the order to show cause, pursuant to which she sought, in effect, leave to submit a motion to modify the parties' custody agreement, did not violate the order, since the defendant was seeking the very permission required by the order dated May 12, 2010 (see Matter of Plummer v Plummer, 25 AD3d 558, 559 [2006]), albeit before the wrong judicial official. Accordingly, the Supreme Court correctly denied that branch of the plaintiff's motion which was to hold the defendant in civil contempt (see Judiciary Law § 753 [A]). Mastro, J.P., Dickerson, Cohen and LaSalle, JJ., concur.