Matter of Rose v Simon (2018 NY Slip Op 04736)





Matter of Rose v Simon


2018 NY Slip Op 04736


Decided on June 27, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOSEPH J. MALTESE
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2017-06933
 (Docket Nos. V-25337-13, O-4367-17)

[*1]In the Matter of Wayne R. Rose, respondent,
v
Cristina Simon, appellant. (Proceeding No. 1)
In the Matter of Cristina Simon, appellant,Wayne R. Rose, respondent. (Proceeding No. 2)


Larry S. Bachner, New York, NY, for appellant.
Dikman & Dikman, Lake Success, NY (Michael Dikman of counsel), for respondent.
Austin I. Idehen, Jamaica, NY, attorney for the child.



DECISION & ORDER
In related proceedings pursuant to Family Court Act articles 6 and 8, the mother appeals from an order of the Family Court, Queens County (Jane A. McGrady, Ct. Atty. Ref.), dated May 19, 2017. The order, after a hearing, granted the father's petition for sole physical custody of the parties' child and dismissed the mother's family offense petition.
ORDERED that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Queens County, for further proceedings consistent herewith.
The mother and the father, who have never been married to each other, are the parents of one child, born in October 2013. In December 2013, the father filed a petition for sole physical custody of the child. During the pendency of the custody proceeding, the mother filed a family offense petition against the father. The matters were heard before a Court Attorney Referee, who, after a consolidated hearing, issued an order dated May 19, 2017, wherein the father's petition for sole physical custody of the child was granted and the mother's family offense petition was dismissed. The mother appeals.
A referee derives authority from an order of reference by the court (see CPLR 4311, 4317; Matter of McClarin v Valera, 108 AD3d 719; Matter of Stewart v Mosley, 85 AD3d 931, 932; Fernald v Vinci, 302 AD2d 354, 355; McCormack v McCormack, 174 AD2d 612, 613). Here, as correctly asserted by the mother, the order of reference did not authorize the Court Attorney Referee to hear and report or to hear and determine a contested family offense petition. The Court Attorney Referee therefore lacked jurisdiction to dismiss the mother's family offense petition in this instance (see Matter of Kohn v Sanders, 152 AD3d 597, 598). Accordingly, the family offense matter must be remitted to a judge of the Family Court for a new determination.
With respect to the determination of custody, the order of reference recited that, upon the parties' stipulation, a court attorney referee is authorized to hear and determine the parties' rights to custody of and visitation with the child, including the determination of motions and temporary orders of custody. Upon our review of the record, however, we find no indication that the parties stipulated to the reference in the manner prescribed by CPLR 2104, and, absent such stipulation, the Court Attorney Referee had the power only to hear and report her findings (see Matter of McClarin v Valera, 108 AD3d at 720; Matter of Stewart v Mosley, 85 AD3d at 932; Fernald v Vinci, 302 AD2d at 355; McCormack v McCormack, 174 AD2d at 613). We further find that the mother did not consent to the reference merely by participating in the proceeding without expressing her desire to have the matter tried before a judge (see Matter of Gale v Gale, 87 AD3d 1011, 1012; McCormack v McCormack, 174 AD2d at 613). The order of reference must therefore be deemed an order to hear and report. Thus, the Court Attorney Referee had no jurisdiction to determine, but only to hear and report, with respect to the parties' respective rights of custody and visitation (see Matter of McClarin v Valera, 108 AD3d at 720; Matter of Gale v Gale, 87 AD3d at 1012; Matter of Stewart v Mosley, 85 AD3d at 932; Fernald v Vinci, 302 AD2d at 355; McCormack v McCormack, 174 AD2d at 613). Accordingly, the portion of the order dated May 19, 2017, which determined custody and visitation, is deemed a report (see CPLR 4320[b]), and the custody matter must be remitted for further proceedings pursuant to CPLR 4403 before a judge of the Family Court.
In light of our determination, we need not address the mother's remaining contentions.
RIVERA, J.P., MALTESE, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court