Matter of Newmann-Werth v Werth (2018 NY Slip Op 07129)





Matter of Newmann-Werth v Werth


2018 NY Slip Op 07129


Decided on October 24, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 24, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2017-07014
 (Docket Nos. V-22630-16/17A, V-22631-16/17A, V-22632-16/17A, O-22629-16)

[*1]In the Matter of Yael Newmann-Werth, respondent,
v
Erik Werth, appellant.


Kreuza Ganolli, Brooklyn, NY, for appellant.
Arnold & Porter Kaye Scholer LLP, New York, NY (Daphne Morduchowitz, Daniella Wittenberg, and Kate Sapirstein of counsel), and Sanctuary for Families Center for Battered Women's Legal Services, New York, NY (Orly Kusher and Amanda Norejko of counsel), for respondent (one brief filed).
Karen P. Simmons, Brooklyn, NY (Lee D. Tarr and Janet Neustaetter of counsel), attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Family Court Act articles 6 and 8, the father appeals from an order of the Family Court, Kings County (Emily M. Martinez, Ct. Atty. Ref.), dated June 23, 2017. The order denied the father's motion to vacate an order of custody and a final order of protection of the same court, both dated January 31, 2017, entered upon his default.
ORDERED that the order dated June 23, 2017, is reversed, on the law, without costs or disbursements, the father's motion to vacate the order of custody and the final order of protection is granted, and the matter is remitted to the Family Court, Kings County, for new determinations on the mother's petitions forthwith; and it is further,
ORDERED that pending a new determination on the mother's custody petition, the children shall remain with the mother.
The mother and father, who are married, are the parents of three minor children. In September 2016, the mother filed a custody petition and a family offense petition against the father. The proceedings were heard before a Court Attorney Referee, who, after a hearing at which the father failed to appear, issued two orders dated January 31, 2017; one granted the mother's petition for sole legal and physical custody of the children and the other granted a two-year order of protection against the father on behalf of the mother and the children. The father moved to vacate the orders and the Court Attorney Referee denied his motion. The father appeals.
"A referee derives authority from an order of reference by the court (see CPLR 4311), which can be made only upon consent of the parties, except in limited circumstances not applicable here" (Matter of Rivera v Arocho, 120 AD3d 1350, 1351; see CPLR 4317; Matter of McClarin v Valera, 108 AD3d 719, 719). The record demonstrates that at the time the hearing was held and the [*2]petitions were determined by the Court Attorney Referee, neither party had consented to the Court Attorney Referee hearing and determining the petitions at issue.
The mother's remaining contention is without merit.
As the Court Attorney Referee had no jurisdiction to consider and determine the mother's custody and family offense petitions, the father's motion to vacate the referee's orders determining those petitions should have been granted (see Matter of Gale v Gale, 87 AD3d at 1012).
In view of the fact that the children have always resided with the mother, it is in the children's best interests for the mother to continue to have sole custody of them pending a new determination of the custody petition (see Matter of Stewart v Mosley, 85 AD3d 931, 932).
RIVERA, J.P., AUSTIN, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court