Pulver v Pulver (2021 NY Slip Op 04727)





Pulver v Pulver


2021 NY Slip Op 04727


Decided on August 18, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 18, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
COLLEEN D. DUFFY
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2018-09392
 (Index No. 200069/13)

[*1]Risa Pulver, respondent, 
v
Jeffrey Pulver, appellant.


Richard N. Tannenbaum, Garden City, NY, for appellant.
Jeffrey S. Schecter & Associates, P.C., Garden City, NY (Bryce R. Levine and Joey Michaels of counsel), for respondent.



DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from an order of the Supreme Court, Nassau County (Hope Schwartz Zimmerman, J.), dated July 30, 2018. The order granted the plaintiff's motion, inter alia, to confirm a referee's report dated April 20, 2018, made after a nonjury trial, and denied the defendant's cross motion to reject the referee's report and for a new trial.
ORDERED that the order is reversed, on the law, with costs, the plaintiff's motion, inter alia, to confirm the referee's report is denied, the defendant's cross motion to reject the referee's report and for a new trial is granted, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings in accordance herewith.
In 2013, the plaintiff commenced this action for a divorce and ancillary relief. Thereafter, the matter was referred to a Referee to hear and report on "the trial of all issues." The parties did not consent to have the Referee hear and determine the matter. The Referee presided over a trial that commenced in December 2016, during which the plaintiff called the defendant to testify as an adverse witness. The defendant appeared in court on a total of 12 different dates and offered testimony as an adverse witness on the plaintiff's case on 10 of those dates.
On August 7, 2017, the defendant's attorney informed the Referee that the defendant had suffered an epileptic seizure while in Turks and Caicos and was unable to fly back to New York to appear for a scheduled trial date on August 8, 2017. The Referee adjourned the trial to August 11, 2017, to afford the defendant an opportunity to return to New York and to see a neurologist on August 10, 2017. The defendant failed to appear for the scheduled trial date on August 11, 2017, and the trial was adjourned to August 14, 2017, on which date the defendant again failed to appear.
During the morning of August 15, 2017, the defendant failed to appear, and the plaintiff requested that the defendant be precluded from presenting a case due to his absence. The defendant appeared in court that afternoon and offered testimony as an adverse witness on the plaintiff's case, but at the end of the day, the defendant stated he was not feeling well due to an antiseizure medication he had started taking. On the following day, the defendant failed to appear, and the plaintiff renewed her application to preclude the defendant from presenting a case. The Referee reserved decision on the plaintiff's application.
Following the defendant's failure to appear on August 17 and 18, 2017, the defendant appeared on August 21, 2017. However, the matter had to be adjourned on that date because the Referee became concerned by the defendant's behavior. On August 22, 2017, the defendant failed to appear. The defendant's attorney indicated that on the preceding day, the defendant was observed to be "shaking" and "breathing irregularly," and the attorney requested an adjournment. On that date, the Referee granted the plaintiff's application to preclude the defendant from presenting a case, except to the extent of permitting the defendant's attorney to submit a written closing statement. The Referee indicated that although the defendant would not be permitted to present any evidence, "I will allow [the plaintiff] to complete [her] case." The Referee determined, inter alia, that the defendant was able to appear in court but chose not to do so, stating that the defendant was "going on business trips" and the defendant's neurologist indicated that "there [were] no restrictions on his activities."
The plaintiff proceeded to complete her case, and following the close of the trial, the Referee issued a report dated April 20, 2018, making findings of fact on issues pertaining, inter alia, to equitable distribution and maintenance based solely upon the plaintiff's case. Thereafter, the plaintiff moved to confirm the Referee's report, except to the extent of seeking to modify the report to direct that certain funds held in escrow be released to her. The defendant cross-moved to reject the Referee's report and for a new trial, asserting, among other things, that the Referee exceeded her authority to hear and report by precluding him from presenting any evidence at trial. In an order dated July 30, 2018, the Supreme Court granted the plaintiff's motion and denied the defendant's cross motion. The defendant appeals.
"A referee derives his or her authority from an order of reference by the court, and the scope of the authority is defined by the order of reference" (Brighton Leasing Corp. v Brighton Realty Corp., 192 AD3d 749, 750-751; see CPLR 4311). "A referee who attempts to determine matters not referred to him or her by the order of reference acts beyond and in excess of his or her jurisdiction" (Brighton Leasing Corp. v Brighton Realty Corp., 192 AD3d at 751; see Furman v Wells Fargo Home Mtge., Inc., 105 AD3d 807, 810). Where, as here, the parties did not consent to the determination of any issues by the referee, and the order of reference directed the referee to hear and report (see CPLR 4317 [a]), "the referee had the power only to hear and report his [or her] findings" (Albert v Albert, 126 AD3d 921, 922).
Here, the Referee exceeded her authority to hear and report her findings based upon the evidence presented at trial by making a determination to preclude the defendant from presenting a case (see id. at 922). Pursuant to CPLR 4201, a referee assigned to hear and report "shall have the power to issue subpoenas, to administer oaths and to direct the parties to engage in and permit such disclosure proceedings as will expedite the disposition of the issues." However, neither CPLR 4201 nor any other provision confers the authority on a referee assigned to hear and report to impose a penalty on a party for failing to appear, such as precluding that party from presenting any evidence.
Contrary to the plaintiff's contention, CPLR 4320 did not give the Referee the authority to preclude the defendant from presenting a case at trial. CPLR 4320(a) provides that "[a] referee to report shall conduct the trial in the same manner as a court trying an issue without a jury," which simply imposes the requirement on a referee assigned to hear and report to conduct a trial in the same manner as a court trying a nonjury trial. While the referee overseeing a trial, by necessity, has the discretion to grant or deny an application for an adjournment (see Schroeder v Musicor Record Corp., 49 AD2d 560; Jan S. v Leonard S., 26 Misc 3d 243, 250 [Sup Ct, NY County]), a referee assigned to hear and report lacks the authority to preclude a party from presenting evidence, which effectively prevents the court reviewing the referee's report from considering potential evidence. Thus, here, while the Referee was not required to indefinitely adjourn the trial to afford the defendant an opportunity to present a case, the Referee should not have affirmatively precluded the defendant from presenting evidence prior to the close of the plaintiff's case.
The parties' remaining contentions either need not be reached in light of our determination or are without merit.
Accordingly, the Supreme Court should have denied the plaintiff's motion, inter alia, [*2]to confirm the Referee's report and granted the defendant's cross motion to reject the Referee's report and for a new trial. Consequently, we remit the matter to the Supreme Court, Nassau County, for a new trial and a new referee's report and determination thereafter.
CHAMBERS, J.P., DUFFY, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court