■ In the Matter of EAGLE INSURANCE COMPANY, Respondent, v TATYANA SULEYMANOVA, Appellant, and MOISHE SVERDLIK et al., Respondents. [734 NYS2d 881] —In a proceeding pursuant to CPLR 7503 to permanently stay arbitration of an uninsured motorist claim, Tatyana Suleymanova appeals from an order of the Supreme Court, Nassau County (O'Shaughnessy, J.H.O.), dated November 2, 2000, which, after a hearing, granted the petition and permanently stayed arbitration.

Ordered that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith.

CPLR 4311 provides that "[a]n order of reference shall direct the referee to determine the entire action or specific issues, to report issues, to perform particular acts, or to receive and report evidence only." This Court has held that "a Referee's authority is derived from the order of reference and a Judicial Hearing Officer who attempts to determine matters not referred to him [or her] by the order of reference acts beyond and in excess of his [or her] jurisdiction" (*McCormack v McCormack,* 174 AD2d 612, 613).

While the order of reference at issue authorized the Judicial Hearing Officer only to make a determination as to the "matters raised by the petition and the responses thereto," his decision was based upon a matter not raised in the petition. Therefore, the order appealed from must be reversed and the matter remitted to the Supreme Court for a new hearing (*see, Al Moynee Holdings v Deutsch,* 254 AD2d 443). O'Brien, J. P., S. Miller, McGinity, Schmidt and Townes, JJ., concur.