■ URI TORNHEIM, Appellant, v DOREEN TORNHEIM, Respondent. [746 NYS2d 405]

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiff husband made a motion, inter alia, denominated as one pursuant to CPLR 4403 to reject the report of the Judicial Hearing Officer (hereinafter the JHO) and, upon rejecting the report, to vacate an order of the JHO, dated October 6, 1999, awarding the defendant certain pendente lite relief as to child support and maintenance. However, the reference, made on consent, directed the JHO to hear and determine such issues, not hear and report (*see Perrelli v Perrelli,* 284 AD2d 517; CPLR 4201, 4301, 4311). Thus, as noted by the Supreme Court, a motion denominated as one pursuant to CPLR 4403 to reject the JHO's "report" does not lie (*see Chalu v Tov-Le Realty Corp.,* 220 AD2d 552). In any event, the plaintiff took but failed to perfect, an appeal from the order dated October 6, 1999, which was dismissed for failure to prosecute. As a general rule, we do not consider any issue raised on a subsequent appeal that was raised, or could have been raised, in an earlier appeal which was dismissed for lack of prosecution, although we have inherent discretion to do so (*see Rubeo v National Grange Mut. Ins. Co.,* 93 NY2d 750; *Bray v Cox,* 38 NY2d 350). Here, we decline to exercise this discretion.

Entry of a money judgment for child support and maintenance arrears due and owing to the defendant was proper (*see* Domestic Relations Law § 244; *Dox v Tynon,* 90 NY2d 166; *Henry v Henry,* 272 AD2d 520; *Wolfson v Public Adm'r of Nassau County,* 282 AD2d 743).

The plaintiff's remaining contentions are without merit or concern matters dehors the record (*see Long v Long,* 251 AD2d 631; *Gotard v Gotard,* 165 AD2d 824). Prudenti, P.J., Ritter, S. Miller and McGinity, JJ., concur.