■ ANTONIO CARRERO, Respondent, v DIME CONTRACTORS et al., Appellants. [815 NYS2d 139]—

In an action to recover damages for personal injuries, the defendants appeal from (1) an order of the Supreme Court, Kings County (Barasch, J.H.O.), entered April 7, 2005, which, after a hearing, deemed process timely served nunc pro tunc pursuant to CPLR 306-b, and (2) an order of the same court (Rosenberg, J.), entered June 14, 2005, which, in effect, denied their motion to vacate so much of the determination of the Judicial Hearing Officer as deemed service proper pursuant to CPLR 306-b.

Ordered that the order dated June 14, 2005 is reversed insofar as appealed from, on the law, and the defendants' motion, in effect, to vacate so much of the determination of the Judicial Hearing Officer as deemed service effective pursuant to CPLR 306-b is granted; and it is further,

Ordered that the appeal from the order dated April 7, 2004 is dismissed as academic, in light of our determination on the ap-

peal from the order dated June 14, 2004, and the matter is remitted to the Supreme Court, Kings County for a determination of the defendants' motion to dismiss the action; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The Judicial Hearing Officer's authority derived from the order of reference, which confined his authority to issues relating to the "traverse," to wit, whether service was proper (*see McCormack v McCormack,* 174 AD2d 612, 613 [1991]). Granting relief pursuant to CPLR 306-b determined a matter not referred in the order of reference, which was beyond and in excess of the authority of the Judicial Hearing Officer. Accordingly, that relief must be vacated (*see McCormack v McCormack, supra;* CPLR 5015 [a] [4]).

The defendants' motion to dismiss the complaint remains pending and undecided. The matter is remitted to the Supreme Court, Kings County, for a determination of that motion.

The defendants' remaining contentions either are without merit or need not be reached in light of our determination. Goldstein, J.P., Luciano, Rivera and Fisher, JJ., concur.