In the Matter of ALLCITY INSURANCE COMPANY, Respondent, v LILLIE RHYMES et al., Appellants. ROSALITA M. COONS et al., Proposed Additional Respondents. [816 NYS2d 505]—

In a proceeding pursuant to CPLR article 75 to stay arbitration of an uninsured motorist claim, the appeal is from an order of the Supreme Court, Kings County (Archer, J.H.O.), dated

November 30, 2004, made after a hearing, which granted the petition and permanently stayed arbitration.

Ordered that the order is reversed, on the law, with costs, the petition is denied, the proceeding is dismissed on the merits, and the parties are directed to proceed to arbitration after the completion of examinations under oath and other requested disclosure.

The appellants, Lillie Rhymes and Hazel Thomas, allegedly were injured when a cab in which they were passengers was struck from the rear by another vehicle. They commenced an action against the owner of the alleged offending vehicle (the proposed additional respondent Rosalita M. Coons) and alleged driver of the offending vehicle (Michael Coons) to recover damages for personal injuries (hereinafter the Coons action). However, the Coons action was dismissed based on a determination that the Coons vehicle was not involved in the accident. The appellants thereafter demanded arbitration of a claim for uninsured motorist benefits from the petitioner Allcity Insurance Company (hereinafter Allcity). Allcity provided uninsured/underinsured coverage for the cab on the date in question pursuant to a policy issued to the owner. Allcity commenced this proceeding for a permanent stay of arbitration. Allcity alleged, inter alia, that the offending vehicle involved in the underlying accident was, in fact, the Coons vehicle, and that the vehicle was insured on the date in question. Allcity argued that it could not be bound by any determination to the contrary in the Coons action because it was not a party to that action. The appellants opposed the petition, arguing, inter alia, that there was no basis to challenge the prior determination that the Coons vehicle was not involved in the underlying accident. In reply, Allcity argued that "there is an issue of fact regarding coverage requiring a framed-issue hearing. The specific issue is whether the Coons vehicle was the one involved in the accident; if it was, then Allcity is entitled to a permanent stay of arbitration." The Supreme Court referred the matter to a judicial hearing officer (hereinafter the JHO) to "determine all issues preliminary to arbitration, including the issue of the identity and participation of the Coons vehicle in this accident." The order of reference directs the JHO to hear and determine "all issues raised in the papers." After a hearing, the JHO determined that the Coons vehicle was not involved in the underlying accident. However, the JHO granted the petition based on the lack of any evidence that the appellants were involved in the underlying accident. This issue was raised sua sponte by the JHO at the close of the hearing over the objection of counsel for the appellants. On ap-

peal, the appellants argue that the JHO exceeded the scope of the order of reference in making such a determination. We agree and reverse.

The determination of the JHO that the appellants were not involved in the underlying accident exceeded the scope of the order of reference (*see Matter of New York Cent. Mut. Fire Ins. Co. v Dukes,* 14 AD3d 704 [2005]; *Matter of Eagle Ins. Co. v Suleymanova,* 289 AD2d 404 [2001]). Even assuming that this was a threshold issue to be determined by the court in the first instance (*see* CPLR 7503 [b]), nowhere in the petition or in any of the other papers submitted to the court did any party or proposed party raise an issue as to whether the appellants were involved in the underlying accident. Indeed, the proposed additional respondents proffered transcripts of the deposition testimony of both appellants in the Coons action describing their involvement in the accident. Thus, this issue should not have been reached by the JHO.

The only other basis raised by Allcity for a permanent stay of arbitration was its allegation that it did not receive a timely notice of claim from the appellants. However, Allcity did not press this allegation before the JHO or proffer any evidence concerning the same, although the JHO was to hear and determine "all issues raised in the papers." By contrast, in opposition to the petition, the appellants proffered documentary evidence that they provided timely notice of the underlying accident to Allcity (*see Matter of State Farm Mut. Auto. Ins. Co. v Rinaldi,* 27 AD3d 476 [2006]). Thus, the petition should have been denied, the proceeding dismissed, and the parties directed to proceed to arbitration after the completion of examinations under oath and other requested disclosure. Miller, J.P., Ritter, Goldstein and Lunn, JJ., concur.