■ In the Matter of JENNIFIA ROWTHAM, Respondent, v MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant, and CAMBRIDGE INTEGRATED SERVICES GROUP et al., Respondents. [861 NYS2d 704]—

In a proceeding pursuant to Insurance Law § 5218 for leave to commence an action against the Motor Vehicle Accident Indemnification Corporation, the appeal is from an order of the Supreme Court, Kings County (Bayne, J.), dated July 12, 2007, which granted the motion of Cambridge Integrated Services Group to vacate an order of the same court (Archer, Ct. Atty. Ref.) dated May 29, 2007, and to reinstate and confirm a prior order of the same court (Archer, Ct. Atty. Ref.) dated October 16, 2006, granting the application.

Ordered that the order is affirmed, with one bill of costs.

After a framed-issue hearing, at which the only evidence presented was the testimony of the petitioner to the effect that, while a pedestrian, she was struck by an unidentified vehicle which left the scene of the accident, the Court Attorney Referee to whom the matter had been referred granted the petitioner leave to commence an action against the Motor Vehicle Accident Indemnification Corporation (hereinafter the MVAIC) by order dated October 16, 2006 . The motion by MVAIC to vacate that order was granted by the Supreme Court, which directed a new "framed issue hearing regarding the issue of coverage on a date certain with no adjournments."

Despite that order, on May 29, 2007 the day that the new hearing was scheduled to be held, the Court Attorney Referee to whom the matter was referred directed that new parties be added to the proceeding, and adjourned the hearing. Thereafter, the Supreme Court granted the motion of one of those new parties, Cambridge Integrated Services Group, to vacate the order of the Court Attorney Referee dated May 29, 2007 and the order dated October 16, 2006, granting the petitioner leave to commence an action against MVAIC was reinstated and confirmed.

We affirm. The order of reference expressly limited the Court Attorney Referee "to conduct a hearing on the issue of coverage on a date certain with no adjournments," and the order dated May 29, 2007, purporting to direct the addition of new parties and adjourn the hearing was in excess of the authority granted (see CPLR 4311; Matter of Allcity Ins. Co. v Rhymes, 29 AD3d 787 [2006]; Carrero v Dime Contrs., 29 AD3d 506 [2006]). Moreover, in light of MVAIC's dilatory conduct, the Supreme Court properly reinstated and confirmed the order dated October 16, 2006, which, after a hearing, granted the petitioner's application for leave to commence an action against MVAIC. Spolzino, J.P., Lifson, Florio and Dickerson, JJ., concur.