■ ROBERT D. GRASSO, Appellant, v DONNA A. GRASSO, Respondent. [922 NYS2d 463]—

In an action for a divorce and ancillary relief, the plaintiff appeals from an order of the Supreme Court, Nassau County (Gibson, Ct. Atty. Ref.), dated December 22, 2009, which, after a hearing, granted the defendant's cross motion for an award of an attorney's fee in the total sum of $9,000 for fees incurred in connection with the plaintiff's appeal from a judgment of divorce and directed a hearing on the defendant's motion to hold the plaintiff in contempt for failure to comply with provisions of the judgment of divorce requiring him to maintain certain life insurance policies.

Ordered that the appeal from so much of the order as directed a hearing on the defendant's motion to hold the plaintiff in contempt is dismissed, as no appeal lies as of right from an order directing a hearing to aid in disposition of a motion and leave to appeal has not been granted (*see Aw v Aw*, 305 AD2d 344, 345 [2003]; *McKiernan v McKiernan*, 277 AD2d 433, 434 [2000]); and it is further,

Ordered that the order is reversed insofar as reviewed, on the facts and in the exercise of discretion, and the defendant's cross motion for an award of an attorney's fee is denied; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

Contrary to the plaintiff's contention, the Court Attorney Referee did not exceed his jurisdiction in considering the defendant's cross motion for an award of an attorney's fee although the matter was not referred to him by the order of reference (*cf. McCormack v McCormack*, 174 AD2d 612, 612 [1991]).

However, the Court Attorney Referee improvidently exercised his discretion in granting the defendant's cross motion for an award of an attorney's fee (*see Lutz v Goldstone*, 38 AD3d 720,

721 [2007]). In determining such a motion, "a court should review the financial circumstances of both parties together with all the other circumstances of the case, which may include the relative merit of the parties' positions" (*DeCabrera v Cabrera-Rosete*, 70 NY2d 879, 881 [1987]; *see Prichep v Prichep*, 52 AD3d 61, 64 [2008]). Here, the evidence presented by the defendant at a hearing was insufficient to establish that the plaintiff was in a superior financial position and that the defendant lacked the ability to pay (*cf. Palumbo v Palumbo*, 298 AD2d 373 [2002]).

The parties' remaining contentions either are without merit or need not be reached in light of our determination. Mastro, J.P., Florio, Belen and Chambers, JJ., concur.