■ In the Matter of CARL R., Respondent. GERALD G. WRIGHT, Appellant. [939 NYS2d 879]—

In a proceeding pursuant to Mental Hygiene Law § 81.33 for the final accounting of Gerald G. Wright, as guardian for the personal needs and property management and as trustee of the supplemental needs trust of Carl R., an incapacitated person, Gerald G. Wright, appeals, as limited by his brief, from so much

of a judgment of the Supreme Court, Nassau County (Diamond, J.), dated June 28, 2010, as, upon a determination of a Referee (Heitner, Ref.) dated March 23, 2010, made after a hearing, directing that he be surcharged for certain payments made from the assets of Carl R., and that he pay the court examiner fees of Thomas J. Casey for services rendered in this proceeding, surcharged him in the principal sum of $23,876, and awarded Thomas J. Casey the principal sum of $10,725.

Ordered that the judgment is modified, on the law, by deleting the provision thereof awarding Thomas J. Casey the principal sum of $10,725; as so modified, the judgment is affirmed insofar as appealed from, with costs payable by Gerald G. Wright, the determination dated March 23, 2010, is modified accordingly, and an order of the Supreme Court, Nassau County (Diamond, J.), dated May 28, 2010, is vacated.

The contention of Gerald G. Wright (hereinafter the Guardian), that the Referee had no authority to make a determination in this matter is without merit because the order of reference designating him to hear and determine all issues regarding the settlement of his final account was made upon consent of the parties (*see* CPLR 4317 [a]; *Mendenhall v Mendenhall*, 4 AD3d 344 [2004]). Furthermore, since the matter was referred to the Referee to hear and determine, an order dated May 28, 2010, purporting to confirm the Referee's report, was unnecessary and, therefore, must be vacated.

The Referee did not improvidently exercise his discretion in surcharging the Guardian for expenditures of guardianship funds used to pay for construction work at the home owned by the Guardian's wife, and which was being rented by the incapacitated person, as, inter alia, the Guardian failed to prove that these expenditures were for previously approved work at the house, and failed to sufficiently substantiate the expenditures with documentary evidence (*see Matter of McCormick*, 220 AD2d 506, 508-509 [1995]).

The Referee erred, however, in requiring the Guardian to personally pay the fees of the court examiner. While a court may deny or reduce compensation which would otherwise be allowed a guardian if he or she "fail[s] to discharge his or her duties satisfactorily" (Mental Hygiene Law § 81.28 [b]; *see* § 81.32 [d] [2]), there is no provision permitting the court to require a guardian to personally pay court examiner fees (*cf.* Mental Hygiene Law § 81.32 [f]; § 81.33 [e]). Even if it were permissible to impose such a charge upon guardians "as an expense caused by their wrong" (*Matter of Garvin*, 256 NY 518, 522 [1931]; *see Matter of Birnbaum v Birnbaum*, 157 AD2d 177,

181 [1990]), such a charge was not warranted under the circumstances of this case. Unlike in *Matter of Flaum v Birnbaum* (157 AD2d 177 [1990]), there is no indication here that any extra expense was caused by self-dealing of the Guardian, or the court examiner's need to establish the Guardian's wrongdoing. Further, while the court examiner indicated that he had to provide the "correct itemization" of certain categories of account in light of the Guardian's errors, he was able to do so by examining the Guardian's annual reports and his own prior examiner's reports. Moreover, the court examiner never demanded that the Guardian file a revised report on the ground that the report was incomplete or unsatisfactory (*cf.* Mental Hygiene Law § 81.32 [d] [1]). Under these circumstances, it was an improvident exercise of discretion to direct the Guardian to personally pay the court examiner fees. Skelos, J.P., Balkin, Eng and Sgroi, JJ., concur.