■ MICHAEL EDWARDS, Appellant, v MARVIN WELLS, Respondent. [947 NYS2d 335]—

"An order of reference shall direct the referee to determine the entire action or specific issues, to report issues, to perform particular acts, or to receive and report evidence only. It may specify or limit the powers of the referee and the time for the filing of his report and may fix a time and place for the hearing" (CPLR 4311). "[A] Referee's authority is derived from the order of reference and a Judicial Hearing Officer who attempts to determine matters not referred to him [or her] by the order of reference acts beyond and in excess of his [or her] jurisdiction" (*McCormack v McCormack*, 174 AD2d 612, 613 [1991], citing CPLR 4311; *see Carrero v Dime Contrs.*, 29 AD3d 506, 507 [2006]; *Matter of Eagle Ins. Co. v Suleymanova*, 289 AD2d 404, 404 [2001]). Here, the order of reference expressly limited the issue referred to a court attorney referee (hereinafter the referee) to a "Traverse Hearing on [the] issue of personal service." The referee found that the defendant was properly served with process. However, she then, in effect, recommended that the Supreme Court grant the defendant's motion to vacate his default in appearing or answering on grounds unrelated to service. Thus, the referee exceeded her authority by determining matters not referred to her (*see* CPLR 4311; *Carrero v Dime Contrs.*, 29 AD3d at 507; *Rihal v Kirchhoff*, 274 AD2d 567, 567 [2000]; *see also Matter of Eagle Ins. Co. v Suleymanova*, 289 AD2d at 404; *McCormack v McCormack*, 174 AD2d at 613). Accordingly, the Supreme Court erred in, sua sponte, confirming the referee's report, and, thereupon, inter alia, vacating the defendant's default, directing the defendant to serve and file his answer within 30 days from the date of the order, and setting the matter down for a preliminary conference. Since the defendant's motion to vacate his default in appearing or answering is

still pending, we remit the matter to the Supreme Court, Kings County, for a determination of that motion on the merits. Dillon, J.P., Dickerson, Hall and Austin, JJ., concur.