*891 In a proceeding pursuant to Mental Hygiene Law article 81, the coguardians for the property management of J.F. appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Spodek, J.), dated July 7, 2011, as granted that branch of their motion which was to vacate so much of a prior order of the same court dated September 27, 2010, as, upon confirming a report of a court examiner regarding their guardianship accounts for the 2008 accounting period, imposed a surcharge upon them in the sum of $10,777.47, only to the extent of reducing the surcharge to the sum of $8,777.47, in effect, denied that branch of their motion which was for an award of commissions and fees for the 2008 accounting period, and granted that branch of the cross motion of the court examiner which was for an award of certain fees.
Ordered that the order dated July 7, 2011, is modified, on the law and in the exercise of discretion, (1) by deleting the provision thereof granting that branch of the coguardians’ motion which was to vacate so much of the order dated September 27, 2010, as imposed a surcharge upon them in the sum of $10,777.47, only to the extent of reducing the surcharge to the sum of $8,777.47, and substituting therefor a provision granting that branch of the coguardians’ motion to the extent of reducing the surcharge to the sum of $790.14, and (2) by deleting the provision thereof, in effect, denying that branch of their motion which was for an award of commissions and fees for the 2008 accounting period, and substituting therefor a provision granting that branch of their motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.
In this guardianship proceeding, the Supreme Court properly disallowed disbursements made by the coguardians in the sum of the $790.14 during the 2008 accounting period, on the ground that those disbursements were not substantiated with documentary evidence (see Matter of Carl R. [Wright], 93 AD3d 728, 729 [2012]). However, under the circumstances of this case, the Supreme Court erred in disallowing disbursements made by the coguardians in the sum of $7,987.33. Further, the Supreme Court should have awarded the coguardians commissions and fees for the 2008 accounting period (see Mental Hygiene Law §§ 81.20 [a]; 81.28). Therefore, the matter must be remitted to *892 the Supreme Court, Kings County, for the calculation of the coguardians’ commissions and fees for the 2008 accounting period.
The Supreme Court providently exercised its discretion in granting that branch of the motion of the court examiner which was for an award of certain fees (see Matter of Freeman, 34 NY2d 1, 9 [1974]; Matter of Marion C.W. [Lisa K. — Maguire], 83 AD3d 1089, 1090 [2011]). Skelos, J.E, Florio, Leventhal and Hall, JJ., concur.