MARYANN FURMAN, Respondent, v WELLS FARGO HOME MORTGAGE, INC., Appellant, et al., Defendants. [964 NYS2d 169]—

In an action, inter alia, for specific performance of a loan reinstatement agreement and to recover damages for breach of contract, the defendant Wells Fargo Home Mortgage, Inc., appeals (1), as limited by its brief, from so much of an order of the Supreme Court, Kings County (Lewis, J.), dated March 18, 2011, as granted the plaintiff's motion to confirm a referee's report (Marano, J.H.O.) dated August 6, 2010, made after a hearing, that the plaintiff's loan should be reinstated, and denied those branches of its motion which were pursuant to CPLR 3211 (a) (1) to dismiss the causes of action asserted against it for specific performance and to recover damages for breach of contract, and (2) from an order of the same court dated August 9, 2011, which, sua sponte, directed it to reinstate the plaintiff's loan on certain terms and conditions.

Ordered that the order dated March 18, 2011, is modified, on the law, by deleting the provision thereof granting the plaintiff's motion to confirm the referee's report that the plaintiff's loan should be reinstated, and substituting therefor a provision denying that motion and rejecting the report; as so modified, the order dated March 18, 2011, is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that on the Court's own motion, the notice of appeal from the order dated August 9, 2011, is deemed to be an application for leave to appeal from that order, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered the order dated August 9, 2011, is reversed, on the law, without costs or disbursements; and it is further,

Ordered that the matter is remitted to the Supreme Court, Kings County, for further proceedings on the complaint.

In 2003, the plaintiff and her mother-in-law, Galina Zhigun, obtained a loan in the sum of $180,000 from the defendant Wells Fargo Home Mortgage, Inc. (hereinafter Wells Fargo). The loan was secured by the borrowers' right, title, and interest in the shares allocated to, and the proprietary lease referable to, their cooperative apartment in Brooklyn. In August 2008, the plaintiff and Zhigun defaulted on the loan by failing to make their required loan payments. After the plaintiff and Zhigun failed to cure their default, Wells Fargo notified them that a public sale of their cooperative shares and proprietary lease was scheduled for February 19, 2009. The public sale was thereafter rescheduled several times.

Subsequently, in late July or early August 2009, the plaintiff and Wells Fargo allegedly entered into a "Partial Reinstatement/ Repayment Agreement," which provided that Wells Fargo would reinstate the loan on certain terms, which included an initial payment in the sum of $482, and an additional payment in the sum of $19,521.37 by October 1, 2009. Although the plaintiff made the initial $482 payment, Wells Fargo alleges that she and her co-borrower Zhigun never accepted the terms of the loan reinstatement agreement by timely executing it. Wells Fargo subsequently sold the cooperative shares and proprietary lease relating to the subject apartment at a public auction on September 3, 2009.

Approximately one month later, on October 9, 2009, the plaintiff commenced this action seeking, inter alia, to vacate the sale of the cooperative shares based on alleged violations of the Uniform Commercial Code, specific performance of the alleged loan reinstatement agreement, and damages for breach of contract. Upon commencement of the action, the plaintiff simultaneously moved to vacate the sale of the cooperative shares, reinstate her proprietary lease, and temporarily stay the transfer of the cooperative shares pending determination of her motion. In lieu of answering, Wells Fargo countered by moving pursuant to CPLR 3211 (a) (1) to dismiss the complaint insofar as asserted against it, arguing, among other things, that it had a defense founded in documentary evidence because the plaintiff had not timely signed and returned the loan reinstatement agreement, and that agreement had never been signed by the co-borrower Zhigun.

In an order dated March 24, 2010, the Supreme Court granted

that branch of Wells Fargo's motion which was to dismiss the plaintiff's cause of action, asserted against it, to vacate the sale of the cooperative shares based on alleged violations of the Uniform Commercial Code. However, the court held in abeyance both the plaintiff's motion, and those branches of Wells Fargo's motion which were to dismiss the causes of action for specific performance and to recover damages for breach of contract, which were asserted solely against Wells Fargo, pending a hearing to determine whether the plaintiff had complied with the terms of the loan reinstatement agreement, and whether she was ready, willing, and able to remit the sum of $19,521.37 to Wells Fargo. The Supreme Court appointed a judicial hearing officer as referee to hear and report on these framed issues. Although the referee conducted a hearing on the two framed issues identified by the March 2010 order, he made no specific findings of fact at the conclusion of the hearing, and did not prepare a written report as required by 22 NYCRR 122.9. Instead, at the conclusion of the hearing, the referee asked the plaintiff's attorney, "What's your application here?" The plaintiff's attorney indicated that he was seeking a determination that the plaintiff's loan should be "reinstated with the bank," and the referee then granted the application.

The plaintiff subsequently moved to confirm the referee's report that her loan should be reinstated. In an order dated March 18, 2011, the Supreme Court granted the plaintiff's motion, and denied those branches of Wells Fargo's motion which were pursuant to CPLR 3211 (a) (1) to dismiss the specific performance and breach of contract causes of action. Several months later, after a conference with counsel for the parties, on August 9, 2011, the Supreme Court issued an order sua sponte directing Wells Fargo to reinstate the plaintiff's loan on certain terms and conditions.

Contrary to Wells Fargo's contention, the Supreme Court properly denied those branches of its motion which were pursuant to CPLR 3211 (a) (1) to dismiss the causes of action for specific performance of the loan reinstatement agreement and to recover damages for breach of contract. A motion pursuant to CPLR 3211 (a) (1) may be granted "only where the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (*Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *see Leon v Martinez*, 84 NY2d 83, 88 [1994]; *Gaskin v Harris*, 98 AD3d 941, 943 [2012]; *Robertson v Wells*, 95 AD3d 862, 863 [2012]). Here, although Wells Fargo offered documentary proof that the loan reinstatement agreement was not signed by Zhigun, this

proof does not conclusively dispose of the plaintiff's specific performance or breach of contract claims since an unsigned agreement may constitute an enforceable contract where there is objective evidence establishing that the parties intended to be bound (*see Flores v Lower E. Side Serv. Ctr., Inc.*, 4 NY3d 363, 369 [2005]; *Brighton Inv., Ltd. v Har-Zvi*, 88 AD3d 1220, 1222 [2011]; *Geha v 55 Orchard St., LLC*, 29 AD3d 735, 736 [2006]). We further note that since Wells Fargo sought dismissal of the specific performance and breach of contract causes of action pursuant to CPLR 3211 (a) (1) on the ground that it had a defense founded on documentary evidence, the motion should have been decided solely on the documentary evidence proffered in support of the motion. It was unnecessary for the Supreme Court to hold in abeyance those branches of Wells Fargo's motion which were to dismiss the specific performance and breach of contract causes of action pending a hearing, since no testimony adduced at such a hearing could properly be relied upon in determining whether Wells Fargo established its entitlement to dismissal of the these causes of action pursuant to CPLR 3211 (a) (1).

Moreover, the referee exceeded his authority by making a determination that the plaintiff's loan should be reinstated. "A referee derives his or her authority from an order of reference by the court" (*Matter of Martinborough v Martinborough*, 98 AD3d 511, 512 [2012]). The scope of a referee's duties are defined by the order of reference (*see* CPLR 4311; *First Data Merchant Servs. Corp. v One Solution Corp.*, 14 AD3d 534, 535 [2005]; *Rihal v Kirchhoff*, 274 AD2d 567 [2000]). A referee "who attempts to determine matters not referred to him [or her] by the order of reference acts beyond and in excess of his [or her] jurisdiction" (*McCormack v McCormack*, 174 AD2d 612, 613 [1991]; *see Edwards v Wells*, 97 AD3d 530, 531 [2012]). Here, the Supreme Court directed the referee to hear and report on the issues of whether the plaintiff complied with the terms of the loan reinstatement agreement, and was ready, willing, and able to make the payment required to have been made by October 1, 2009. Instead of making findings of fact and reporting them to the Supreme Court, the referee exceeded his authority by making a determination that the loan should be reinstated (*see Edwards v Wells*, 97 AD3d at 531; *First Data Merchant Servs. Corp. v One Solution Corp.*, 14 AD3d at 535; *Rihal v Kirchhoff*, 274 AD2d at 567). Since the referee had no authority to do so, the Supreme Court should have rejected his report in its entirety rather than confirming it (*see Edwards v Wells*, 97 AD3d at 531; *L. H. Feder Corp. v Bozkurtian*, 48 AD2d 701 [1975]; *Carrero v Dime Contrs.*, 29 AD3d 506, 507 [2006]), and

should not have, sua sponte, subsequently directed Wells Fargo to reinstate the loan on certain terms and conditions. Accordingly, we remit the matter to the Supreme Court, Kings County, for further proceedings on the complaint. The factual issues which were the subject of the order of reference should await resolution until after issue has been joined and the parties have had an opportunity to conduct discovery.

In light of our determination, we decline the plaintiff's request to impose a sanction against Wells Fargo for pursuing an allegedly frivolous appeal (*see* 22 NYCRR 130-1.1). Eng, P.J., Rivera, Lott and Miller, JJ., concur.