■ MAXINE J. ALLEYNE, Appellant, v ERWIN E. GRANT, Respondent. [997 NYS2d 908]—

In an action, inter alia, to impose a constructive trust upon certain real property, the plaintiff appeals from an order of the Supreme Court, Kings County (Rothenberg, J.), dated April 29, 2013, which denied her motion to confirm a determination of a Court Attorney Referee (Sunshine, Ct. Atty. Ref.), dated November 17, 2011, made after a hearing, that the plaintiff was the sole owner of certain real property, and granted the defendant's cross motion, in effect, pursuant to CPLR 5015 (a) (4), to vacate the determination of the Court Attorney Referee.

Ordered that the order is reversed, on the law, without costs or disbursements, the plaintiff's motion to confirm the determination of the Court Attorney Referee is denied as unnecessary, and the defendant's cross motion, in effect, pursuant to CPLR 5015 (a) (4), to vacate the determination of the Court Attorney Referee is denied.

Since the order of reference in this action, made on consent, directed the Referee to hear and determine (*see* CPLR 4301), rather than hear and report on (*see* CPLR 4201), certain issues relating to the subject real property, a motion to confirm the Referee's determination does not lie (*see Tornheim v Tornheim*, 297 AD2d 341 [2002]; *Chalu v Tov-Le Realty Corp.*, 220 AD2d 552 [1995]; *see also Matter of Carl R. [Wright]*, 93 AD3d 728, 729 [2012]; *Muir v Cuneo*, 251 AD2d 638 [1998]). Accordingly, the plaintiff's motion to confirm the Referee's determination should have been denied as unnecessary (*see generally Matter of Carl R. [Wright]*, 93 AD3d at 729).

A referee derives authority from an order of reference by the court (*see* CPLR 4311, 4317; *Matter of Rivera v Arocho*, 120

AD3d 1350, 1351 [2014]; *Matter of Aslan v Senturk*, 116 AD3d 952 [2014]; *Fernald v Vinci*, 302 AD2d 354, 355 [2003]). A referee "who attempts to determine matters not referred to him [or her] by the order of reference acts beyond and in excess of his [or her] jurisdiction" (*McCormack v McCormack*, 174 AD2d 612, 613 [1991]; *see Edwards v Wells*, 97 AD3d 530, 531 [2012]). Here, the Referee did not exceed her jurisdiction in considering the ownership of the subject property, as it was relevant to the issues referred to the Referee to hear and determine (*see Grasso v Grasso*, 83 AD3d 1000 [2011]). Accordingly, the Supreme Court should have denied the defendant's cross motion, in effect, pursuant to CPLR 5015 (a) (4) to vacate the determination of the Referee. Rivera, J.P., Roman, Duffy and Barros, JJ., concur.