■ In the Matter of NICHOLAS CASALE, Appellant, v METROPOLITAN TRANSPORTATION AUTHORITY et al., Respondents. [906 NYS2d 531]—

Order, Supreme Court, New York County (Louis B. York, J.), entered May 12, 2009, which denied petitioner's motion to vacate the hearing officer's determination, following a name-clearing hearing, that petitioner failed to demonstrate the falsity of certain statements in respondent Metropolitan Transportation Authority's letter terminating his employment, and confirmed the determination, affirmed, without costs.

The determination that petitioner failed to prove, by a preponderance of the evidence, that he had not repeatedly mischaracterized his source in the corruption investigation as a confidential informant is rationally based on the record. Contrary to petitioner's contention, in support of which he relies on *World Exch. Bank v Commercial Cas. Ins. Co.* (255 NY 1 [1930]), the hearing officer's conclusion that this conduct was dishonest is not foreclosed as a matter of law by his belief that petitioner was acting to benefit respondent, rather than for his own personal gain. *World Exch. Bank* contemplates the determination of the issue of an employee's dishonesty by the trier of fact with reference to the employer's general business or the

employee's own functions (*id.* at 5-6), and that is precisely what occurred here.

Nor did the hearing officer exceed his jurisdiction in finding that petitioner engaged in a pattern of dishonesty. The terms of the stipulation governing the name-clearing hearing did not limit the inquiry to the fabrication of the existence of a confidential informant. Concur—Mazzarelli, J.P., DeGrasse and Richter, JJ.

Nardelli, J., concurs in a separate memorandum as follows: Although I agree that petitioner failed to meet his burden of showing that he did not fabricate the existence of a confidential informant, I believe that the use of the word "dishonesty" in the termination letter can be misconstrued.

It should have been made clear that the "dishonesty" with which he was charged did not involve conduct in which he sought "to gain some benefit for himself" (*World Exch. Bank v Commercial Cas. Ins. Co.*, 255 NY 1, 5 [1930]). While his communication with his superior concerning the evidence of a confidential informant may have lacked the clarity required, it is evident that petitioner had concern about the need for secrecy that led to disingenuity. To the extent he acted dishonestly, he did so in pursuit of what he believed his investigation required, not because he sought a personal gain. **[Prior Case History: 23 Misc 3d 1121(A), 2009 NY Slip Op 50880(U).]**