■ TIFFANY FLORES, Respondent, v NEW YORK CITY HOUSING AUTHORITY et al., Appellants. [56 NYS3d 263]—

In an action to recover damages for personal injuries, the defendants appeal from (1) an order of the Supreme Court, Kings County (Schneier, J.H.O./Ref.), dated July 6, 2015, which denied their motion to strike stated portions of the plaintiff's bill of particulars, and (2) an order of the same court (Knipel, J.), dated August 13, 2015, which denied their motion pursuant to CPLR 3104 (d) to review and vacate the order dated July 6, 2015.

Ordered that the appeal from the order dated July 6, 2015, is dismissed as academic in light of our determination on the appeal from the order dated August 13, 2015; and it is further,

Ordered that the order dated August 13, 2015, is reversed, on the law, the defendants' motion pursuant to CPLR 3104 (d) to review and vacate the order dated July 6, 2015, is granted, and the matter is remitted to the Supreme Court, Kings County, for a determination of the defendants' motion to strike stated portions of the plaintiff's bill of particulars; and it is further,

Ordered that one bill of costs is awarded to the defendants.

In a notice of claim, the plaintiff made a claim for money damages for personal injuries allegedly sustained by her. Thereafter, she commenced this action against the defendants to recover damages for personal injuries. The defendants answered and also demanded a verified bill of particulars. The plaintiff's verified bill of particulars was served on the defendants.

The defendants moved to strike stated portions of the plaintiff's bill of particulars, arguing that those allegations improperly added new theories of liability that were not included in the notice of claim. The motion was determined by a J.H.O./Referee, who denied it in an order dated July 6, 2015. The defendants moved pursuant to CPLR 3104 (d) to review and vacate the July 6, 2015, order. In an order dated August 13, 2015, a Supreme Court Justice denied the defendants' motion to review and vacate, concluding, in part, that the J.H.O./ Referee "acted within the scope of his authority." The defendants appeal from both orders.

In determining the motion to strike stated portions of the bill of particulars, the J.H.O./Referee apparently acted pursuant to CPLR 3104. CPLR 3104, entitled "Supervision of

disclosure," provides, in part, "[µ]pon the motion of any party or witness on notice to all parties or on its own initiative without notice, the court in which an action is pending may by one of its judges or a referee supervise all or part of any disclosure procedure" (CPLR 3104 [a]).

However, the defendants' motion was one to strike stated portions of the bill of particulars. "[A] bill of particulars is intended to amplify the pleadings, limit the proof, and prevent surprise at trial. Whatever the pleading pleads, the bill must particularize since the bill is intended to [afford] the adverse party a more detailed picture of the claim . . . being particularized" (*Linker v County of Westchester*, 214 AD2d 652, 652 [1995] [citations and internal quotation marks omitted]). The CPLR sections governing bills of particulars are found in article 30, relating to remedies and pleading, not in article 31, relating to disclosure. The Court of Appeals has stated that "[s]ome jurisdictions, including the Federal courts, have abolished the bill, concluding that broad disclosure statutes render it superfluous. The drafters of the CPLR also recommended its abolishment in conjunction with the expansion of the disclosure statutes now found in article 31. However, the Legislature retained the bill of particulars, not as a disclosure device (CPLR art 31), but in its traditional and limited role as a means of amplifying a pleading (CPLR 3041 *et seq.*)" (*Northway Eng'g v Felix Indus.*, 77 NY2d 332, 335-336 [1991] [citations omitted]).

Since a bill of particulars is not a disclosure device but a means of amplifying a pleading (*see id.* at 335-336), the present dispute over the contents of the plaintiff's bill of particulars is not "part of any disclosure procedure" (CPLR 3104 [a]) that CPLR 3104 authorizes a referee to supervise. Because CPLR 3104 did not authorize the J.H.O./Referee to determine the defendants' motion to strike stated portions of the plaintiff's bill of particulars, and there exists no order of reference authorizing the J.H.O./Referee to determine the motion, the J.H.O./Referee was without authority to determine the defendants' motion. Further, contrary to the plaintiff's contention, the question of whether the J.H.O./Referee lacked authority to determine the motion is properly before this Court.

Under the circumstances, the defendants' motion pursuant to CPLR 3104 (d) to review and vacate the order dated July 6, 2015, should have been granted. Dillon, J.P., Leventhal, Miller and Brathwaite Nelson, JJ., concur.