Kramarenko v New York Community Hosp. (2021 NY Slip Op 03450)





Kramarenko v New York Community Hosp.


2021 NY Slip Op 03450


Decided on June 2, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 2, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
SYLVIA O. HINDS-RADIX
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2017-08204
 (Index No. 22770/09)

[*1]Ganna Kramarenko, etc., et al., appellants,
v
New York Community Hospital, et al., respondents.


Frekhtman & Associates, Brooklyn, NY (Arkady Frekhtman and Eileen Kaplan of counsel), for appellants.
Aaronson Rappaport Feinstein & Deutsch, LLP, New York, NY (Steven C. Mandell of counsel), for respondents New York Community Hospital and Hassan Farhat.
Kaufman Borgeest & Ryan LLP, Garden City, NY (Jacqueline Mandell of counsel), for respondents Metropolitan Jewish Home Care, Inc., Metropolitan Jewish Health System, Home First, Inc., and Beth Israel Medical Center.
Heidell, Pittoni, Murphy & Bach, LLP, White Plains, NY (Daniel S. Ratner and Daryl Paxson of counsel), for respondents Yury Zamdborg and Ilya Bilik.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the plaintiffs appeal from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated June 22, 2017. The order denied the plaintiffs' motion to vacate an order of the same court (Martin Schneier, J.H.O./Referee) dated May 2, 2017, granting the separate motions of the defendants New York Community Hospital and Hassan Farhat, the defendants Metropolitan Jewish Home Care, Inc., Metropolitan Jewish Health System, Home First, Inc., and Beth Israel Medical Center, and the defendants Yury Zamdborg and Ilya Bilik, among other things, to strike the complaint insofar as asserted against each of them for the plaintiffs' failure, inter alia, to amend and/or supplement the bills of particulars.
ORDERED that the order dated June 22, 2017, is reversed, on the law, with one bill of costs payable by the defendants appearing separately and filing separate briefs, the plaintiffs' motion to vacate the order dated May 2, 2017, is granted, and the separate motions of the defendants New York Community Hospital and Hassan Farhat, the defendants Metropolitan Jewish Home Care, Inc., Metropolitan Jewish Health System, Home First, Inc., and Beth Israel Medical Center, and the defendants Yury Zamdborg and Ilya Bilik, inter alia, to strike the complaint insofar as asserted against each of them are denied.
By order dated May 2, 2017, a J.H.O./Referee granted the separate motions of the defendants New York Community Hospital and Hassan Farhat, the defendants Metropolitan Jewish Home Care, Inc., Metropolitan Jewish Health System, Home First, Inc., and Beth Israel Medical Center, and the defendants Yury Zamdborg and Ilya Bilik, inter alia, to strike the complaint insofar as asserted against each of them on the ground that the amended bills of particulars served by the plaintiffs in response to the defendants' motions failed to comply with multiple prior court orders directing the plaintiffs to provide the defendants with supplemental or amended bills of particulars. Thereafter, the plaintiffs moved to vacate that order. In the order appealed from, the Supreme Court [*2]denied the plaintiffs' motion to vacate. The plaintiffs appeal. We reverse.
Although the defendants are correct that the plaintiffs raise for the first time on appeal the contention that the J.H.O./Referee lacked authority under CPLR 3104 to issue the order dated May 2, 2017, this contention may be reached since it involves a question of law that is apparent on the face of the record and could not have been avoided by the Supreme Court if it had been brought to its attention (see Stassa v Stassa, 123 AD3d 804, 806; Paolicelli v Fieldbridge Assoc., LLC, 120 AD3d 643; Pipinias v J. Sackaris & Sons, Inc., 116 AD3d 749). Thus, we reach the issue.
"Since a bill of particulars is not a disclosure device but a means of amplifying a pleading, the present dispute over the contents of the [plaintiffs' amended] bill[s] of particulars is not part of any disclosure procedure that CPLR 3104 authorizes a referee to supervise" (Flores v New York City Hous. Auth., 151 AD3d 695, 696 [citation and internal quotation marks omitted]). Since CPLR 3104 did not authorize the J.H.O./Referee to determine the defendants' separate motions, among other things, to strike the complaint insofar as asserted against each of them based upon the defendants' objections to the plaintiffs' amended bills of particulars, and there exists no order of reference authorizing the J.H.O./Referee to determine the defendants' motions, the J.H.O./Referee was without authority to determine the defendants' separate motions, inter alia, to strike the complaint insofar as asserted against each of them (see Flores v New York City Hous. Auth., 151 AD3d at 696). Accordingly, the order dated May 2, 2017, must be vacated.
Contrary to the defendants' contentions, the amended bills of particulars were sufficient given that the parties' depositions have not been held (see Lesniak v Stockholm Obstetrics & Gynecological Servs., P.C., 114 AD3d 646, 646; Mahr v Perry, 74 AD3d 1030). The defendants failed to demonstrate that the plaintiffs' delay in providing amended bills of particulars was willful (see CPLR 3042). Accordingly, the defendants' separate motions, among other things, to strike the complaint insofar as asserted against each of them must be denied.
LASALLE, P.J., HINDS-RADIX, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court