**Greason v Nahmad**

2024 NY Slip Op 34289(U)

December 4, 2024

Supreme Court, New York County

Docket Number: Index No. 650646/2014

Judge: Joel M. Cohen

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 03M

--------------------------------------------------------------------------------X

EDWARD W. GREASON,

                          Plaintiff,

               - v -

DAVID NAHMAD, INTERNATIONAL ART CENTER, S.A.,

                     Defendants.

--------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 650646/2014 |
| **MOTION DATE** | 09/30/2024 |
| **MOTION SEQ. NO.** | 038 |

**DECISION + ORDER ON MOTION**

HON. JOEL M. COHEN:

The following e-filed documents, listed by NYSCEF document number (Motion 038) 2726, 2727, 2728, 2729, 2730, 2731, 2732, 2733, 2734, 2735, 2736, 2737, 2738, 2739, 2740, 2741, 2742, 2743, 2744, 2745, 2746, 2747, 2748, 2749, 2750, 2751, 2752, 2753, 2754, 2755, 2756, 2757, 2758, 2759, 2760, 2761, 2762, 2763, 2764, 2765, 2766, 2767, 2768, 2769, 2770, 2771, 2772, 2773, 2774, 2775, 2776, 2777, 2778, 2779, 2780, 2781, 2782, 2783, 2784, 2785, 2786, 2787, 2788, 2789, 2790, 2791, 2792, 2793, 2794, 2795, 2796, 2797, 2798, 2799, 2800, 2801, 2802, 2803, 2804, 2805, 2806, 2807, 2808, 2809, 2810

were read on this motion to                       VACATE DECISION

Plaintiff Edward W. Greason as Ancillary Administrator D.B.N. of the Estate of Oscar Stettiner ("Plaintiff") moves for an order: (1) vacating the order of referee Michael P. Tempesta, Esq., dated September 24, 2024; (2) affirming discovery completed with defendants waiving the pretrial examination of plaintiff's experts as defendants refused to schedule or produce their expert witnesses for deposition, precluded from offering its experts' testimony at trial unless they are produced at least 30 days before trial for such examination before trial; (3) assigning a court referee as plaintiff does not consent to the appointment and continued service of Michael P. Tempesta, Esq., as a private referee; (4) awarding plaintiff the costs of cancelling air travel and hotel accommodations for its experts to appear in New York in the sum of $7,972.76; and (5) such other and further relief as this Court deems just and proper.

[* 1]

## DISCUSSION

Per CPLR 3104, "[a]ny party or witness may apply for review of an order made under this section by a referee…[s]ervice of a notice of motion for review shall suspend disclosure of the particular matter in dispute." While there is no standard of review set forth in section 3104(d), courts have generally held that the ruling will be upheld unless it is clearly erroneous or contrary to law (*CIT Project Fin. v Credit Sussie First Boston LLC.*, 7 Misc 3d 1002(A) [Sup Ct, NY County 2005]; *Bank Leumi USA v GM Diamonds, Inc.*, 2018 NY Slip Op 33276[U], 3 [Sup Ct, NY County 2018]) or where court "finds that the special master clearly exceeded his authority and/or misapplied the prevailing law" (*Matter of Casale v Metro. Transp. Auth.*, 23 Misc 3d 1121(A) [Sup Ct, NY County 2009], *affd,* 75 AD3d 486 [1st Dept 2010]). "Generally, courts will not disturb the findings of a referee so long as the determination is substantiated by the record" (*Poster v Poster*, 4 AD3d 145 [1st Dept 2004]).

Plaintiff's motion to vacate the Sept 2024 Discovery Order is granted in part. The order of referee Michael P. Tempesta, Esq., dated September 24, 2024, provides in full:

1. This Discovery Order is the product of a conference attended by me and counsel for the parties to this action on September 23, 2024.
2. Defendants will file their motion to quash the Wildenstein subpoena on or before October 8, 2024.
3. Defendants will file their motion to preclude expert testimony on or before October 15, 2024.
4. Plaintiff will file their cross-motion to preclude, if any, on or before October 30, 2024.
5. Discovery is hereby stayed pending my decision/order on the foregoing motions.

(NYSCEF 2728 ["Sept 2024 Discovery Order"]).

According to Plaintiff, this largely procedural order (i) "inexplicably" stayed all discovery, including canceling expert depositions that had been scheduled to proceed shortly

650646/2014   GOWEN, GEORGE W. vs. HELLY NAHMAD GALLERY, INC.
Page 2 of 5
Motion No. 038

2 of 5

[* 2]

thereafter, based primarily on the omission of the expert's compensation and other minor biographical information in the expert report - all of which was already corrected; (ii) permitted defendants to file a motion quash a subpoena of Wildenstein & Co., Inc. on the basis of the passage of the fact discovery deadline, despite the recent discovery that the Wildenstein Gallery is the author and original source of a photo of a painting by Amedeo Modigliani, n/k/a Seated Man with a Cane 1919 ( the "Painting") with the notation "Vole" [Stolen], and an additional notation, Stettiner family "searching in America"; and (ii) directing that dispositive motions seeking to preclude plaintiffs from presenting expert testimony at trial of plaintiffs experts' testimony based on the alleged minor and already corrected insufficiencies, be made before the referee rather than the Court.

The Order appointing Michael Tempesta provides that "[t]he Discovery Master shall have the full power and authority pursuant to CPLR § 3104(b) to supervise discovery, conduct discovery and/or compliance conferences, set or adjust discovery schedules and resolve any discovery disputes" (NYSCEF 2763). Accordingly, the Special Referee is within the scope of his authority to set forth a schedule for Defendants to file their motion to quash the Wildenstein subpoena, and to hear that motion, and to stay discovery pending his decision on that motion. **That said, the Court reiterates to all concerned that it is imperative that this already 10-year-old case proceed to completion as promptly as possible (*see* NYSCEF 2653 [December 21, 2023 Revised Discovery Order: "This is the final extension of the discovery schedule"]). Going forward, the Court does not expect any further stays or extensions of the discovery schedule.**

While the Special Referee may set forth a briefing schedule for Defendants' motion to preclude expert testimony, any such motion involving the preclusion of testimony at trial should

650646/2014   GOWEN, GEORGE W. vs. HELLY NAHMAD GALLERY, INC.                    Page 3 of 5
Motion No.  038

3 of 5

be made to the Court. "[D]iscovery-related motions are properly before a judicial hearing officer for resolution, but the statute does not provide authority to decide motions which do not involve disclosure devices" (8A Carmody-Wait 2d § 61:3 [updated Nov 2024]; *citing Flores v New York City Hous. Auth.,* 151 AD3d 695, 696 [2d Dept 2017]; *see generally Pulver v Pulver*, 197 AD3d 672, 675 [2d Dept 2021]).

Finally, because these issues were not addressed in the Special Master's Order, the Court will defer ruling on Plaintiffs' request to (1) affirm that discovery was completed with defendants waiving the pretrial examination of plaintiffs experts as defendants refused to schedule or produce their expert witnesses for deposition, and preclude Defendants from offering its experts' testimony at trial unless they are produced at least 30 days before trial for such examination before trial; and (2) award Plaintiff the costs of cancelling air travel and hotel accommodations for its experts to appear in New York in the sum of $7,972.76. In the absence of a written order from the Special Master, there is nothing for the Court to review.

Finally, any objection to the appointment (by Justice Bransten) of Special Master Tempesta has been waived, as Special Master Tempesta was appointed in 2016, and Plaintiffs failed to raise this objection until approximately eight years later, after almost all discovery has been completed (*Morton v Brookhaven Mem. Hosp.*, 308 AD2d 566, 567 [2d Dept 2003] [finding that plaintiffs waived their right to contest the appointment of a special referee to supervise and direct discovery by failing to raise the issue until after referee's report was written and further discovery had concluded]).

Accordingly, it is

**ORDERED** that Plaintiff's motion is **GRANTED IN PART**; and Defendants may promptly file their motion to preclude expert testimony, which will be decided by the Court.

650646/2014   GOWEN, GEORGE W. vs. HELLY NAHMAD GALLERY, INC.
Motion No.  038

Page 4 of 5

4 of 5

This constitutes the Decision and Order of the Court.

20241204105131JMCOHEN831AAC244E6B4F1B9CC52887FAFE8625

| 12/4/2024 | | JOEL M. COHEN, J.S.C. |
|-----------|--|------------------------|
| DATE | | |

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|------------|--|---------------|--|--|---|-----------------------|--|--|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

650646/2014   GOWEN, GEORGE W. vs. HELLY NAHMAD GALLERY, INC.          Page 5 of 5
Motion No.  038

5 of 5