Ortega v New York City Tr. Auth. (2025 NY Slip Op 02596)

Ortega v New York City Tr. Auth.

2025 NY Slip Op 02596

Decided on April 30, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 30, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
VALERIE BRATHWAITE NELSON
CARL J. LANDICINO
PHILLIP HOM, JJ.

2022-06017
2023-03405
 (Index No. 502824/16)

[*1]Aglisberto Ortega, respondent-appellant,
v
New York City Transit Authority, et al., appellants-respondents.

Anna J. Ervolina (Landman Corsi Ballaine & Ford P.C., New York, NY [Andrew P. Keaveney], of counsel), for appellants-respondents.
Roth & Roth, LLP (David A. Roth and The Breakstone Law Firm, P.C., Bellmore, NY [Jay L. T. Breakstone], of counsel), for respondent-appellant.

DECISION & ORDER
In an action to recover damages for personal injuries, (1) the defendants appeal from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated June 15, 2022, and (2) the defendants appeal, and the plaintiff cross-appeals, from an order of the same court dated February 6, 2023. The order dated June 15, 2022, insofar as appealed from, granted that branch of the plaintiff's motion which was pursuant to CPLR 3124 to compel the defendants to produce all outstanding discovery related to their affirmative defense of qualified immunity to the extent of directing the defendants to fully respond to items 7(a)-7(g) of the plaintiff's demand for a bill of particulars as to affirmative defenses. The order dated February 6, 2023, insofar as appealed from, in effect, upon reargument, adhered to the prior determination in the order dated June 15, 2022, granting that branch of the plaintiff's motion which was pursuant to CPLR 3124 to compel the defendants to produce all outstanding discovery related to their affirmative defense of qualified immunity to the extent of directing the defendants to fully respond to items 7(a)-7(g) of the plaintiff's demand for a bill of particulars as to affirmative defenses. The cross-appeal was deemed dismissed pursuant to 22 NYCRR 1250.10(a).
ORDERED that the appeal from the order dated June 15, 2022, is dismissed, as the portion of that order appealed from was superseded by the order dated February 6, 2023, made, in effect, upon reargument; and it is further,
ORDERED that order dated February 6, 2023, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The plaintiff was injured when he was struck by a subway train after falling on the tracks at the Lorimer Street station in Brooklyn. The plaintiff commenced this action against the defendants, New York City Transit Authority, Metropolitan Transportation Authority, and Randy Nicoletti, the operator of the train. In an answer to the amended complaint, the defendants raised [*2]the affirmative defense of qualified immunity. Subsequently, the plaintiff moved, inter alia, pursuant to CPLR 3124 to compel the defendants to produce all outstanding discovery, including all discovery related to the affirmative defense of qualified immunity. In an order dated June 15, 2022, the Supreme Court, among other things, granted that branch of the plaintiff's motion to the extent of directing the defendants to fully respond to items 7(a)-7(g) of the plaintiff's demand for a bill of particulars as to affirmative defenses. In an order dated February 6, 2023, the court, inter alia, in effect, upon reargument, adhered to the determination granting that branch of the plaintiff's motion to the extent of directing the defendants to fully respond to items 7(a)-7(g) of the plaintiff's demand for a bill of particulars as to affirmative defenses.
"CPLR 3101(a) provides that [t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action" (Ferrara v Longwood Cent. Sch. Dist., 225 AD3d 671, 673 [internal quotation marks omitted]). "'The supervision of discovery, and the setting of reasonable terms and conditions for disclosure, are within the sound discretion of the Supreme Court. The Supreme Court's discretion is broad because it is familiar with the actions before it, and its exercise should not be disturbed on appeal unless it was improvidently exercised'" (Adler v Oxford Health Plans [NY], Inc., 232 AD3d 722, 723 [internal quotation marks omitted], quoting Kunwar v Northwell Health, 229 AD3d 528, 530).
Under the circumstances of this case, the Supreme Court providently exercised its discretion in directing the defendants to fully respond to items 7(a)-7(g) of the plaintiff's demand for a bill of particulars as to affirmative defenses. To the extent that this portion of the plaintiff's demand for a bill of particulars as to affirmative defenses sought amplification of the defendants' affirmative defenses in their answer, the demand was proper (see Gorbatov v Tsirelman, 206 AD3d 887, 890; Flores v New York City Hous. Auth., 151 AD3d 695, 696). To the extent that this portion of the plaintiff's demand for a bill of particulars as to affirmative defenses sought documents falling outside the scope of a bill of particulars, such documents were also requested in the plaintiff's demand for discovery and inspection and, therefore, were within the court's purview when deciding that branch of the plaintiff's motion which was pursuant to CPLR 3124.
Accordingly, upon reargument, the Supreme Court properly adhered to its prior determination. The court providently exercised its discretion in compelling the defendants to produce outstanding discovery related to the affirmative defense of qualified immunity.
GENOVESI, J.P., BRATHWAITE NELSON, LANDICINO and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court